AMENDED COMPLAINT # φ

**FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986**

**COMPLAINT (42 U.S.C. 1983, 1985 & 1986)**

CASE NO. _11-1874(ESH)_

RECEIVED

APR 0 1 2011

AT 8:30
WILLIAM T. WALSH, CLERK ____M

PHILIP E. HAHN [Pro Se]
Plaintiff

Vs.

**THE STATE OF NEW JERSEY,**

**THE SUPREME COURT OF NEW JERSEY,**
HONORABLE STUART RABNER,
HONORABLE VIRGINIA LONG,
HONORABLE JAYNEE LAVECCHIA,
HONORABLE BARRY ALBIN,
HONORABLE JOHN WALLACE,
HONORABLE ROBERTO RIVERA-SOTO,
HONORABLE HELEN HOENS,

**THE APPELLATE COURT OF NEW JERSEY,**
THE HONORABLE STEVEN SKILLMAN,
THE HONORABLE GRAVES,
THE HONORABLE GILROY,

**THE ESSEX COUNTY SUPERIOR COURT,**
THE HONORABLE VICHNESS,

**THE BERGEN SUPERIOR COURT,**
THE HONORABLE DE LA CRUZ,

**VASIOS, KELLY AND STROLLO,**
ROBERT LOGAN,

**RUPRECHT, HART AND WEEKS,**
MICHAEL RICCIARDULLI,
KARIN WARD,

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

2011 N 28 P 2:02 U.S. DISTRICT COURT

P8003226169x6391@aol.com Call or Email

**FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986**

**COMPLAINT (42 U.S.C. 1983, 1985 & 1986)**

CASE NO._____

PHILIP E. HAHN [Pro Se]
Plaintiff

Vs.

**UNIVERSITY OF MEDICINE AND DENTISTRY (UMDNJ)**,
DOCTOR ZARBIN,
MAGDY YACOUB,
MARIANNE ANTONIELLO,
ABRAHAM BERKOWITZ,

**BERGEN REGIONAL MEDICAL CENTER**,
THE ESTATE OF DOCTOR CUCULIC,

**THE RETINA ASSOCIATES OF TEANECK**,
DOCTOR STUART NOORILY,

**THE BOROUGH OF PARAMUS**,
PARAMUS POLICE DEPARTMENT,

**CARE PLUS**,
MISS RENEE GARBOWSKI,

**BRISTOL MYERS SQUIBB**,

**OTSUKA PHARMACEUTICAL**,

**MCCARTER AND ENGLISH**,
MR. KOTT,

**WINSTON AND STRAWN**,
Mr. RICHTER,

Philip Hahn
610 Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

P8003226169x6391@aol.com Call or Email

FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986

COMPLAINT (42 U.S.C. 1983, 1985 & 1986)

CASE NO._____

---

| | |
|---|---|
| PHILIP E. HAHN [Pro Se]<br>Plaintiff | : |
| | : |
| Vs. | : |
| | : |
| THE HONORABLE MONGIARDO | : |
| | : |
| THE HUDSON COUNTY SPECIAL CIVIL COURT | : |
| THE HONORABLE BABOR,<br>JUDE TISCORNIA<br>THOMAS J. BRADY, | : |
| | : |
| PATRICIA WASON, | : |
| | : |
| SAMUEL GOFFINET, | : |
| | : |
| THE HONORABLE ALVAREZ,<br>THE HONORABLE LISA,<br>THE HONORABLE REISNER | : |
| | : |

---

Philip Hahn
610 Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

P8003226169X6391@AOL.COM Call or Email

CIVIL RIGHTS COMPLAINT

1. This is a Civil rights complaint for declaratory, injunctive and other appropriate relief brought by Plaintiff, Philip E. Hahn, a United States citizen, appearing pro se. Mr. Hahn brings this complaint for violations of his individual and associational rights under the Fifth, Seventh, Eighth and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983, 1985 and 1986.

2. This court has jurisdiction pursuant to 42 U.S.C. 1983, 42 U.S.C. 1985 and 42 U.S.C. 1986

## PLAINTIFF'S INFORMATION

The complaint of the plaintiff, Philip Hahn, respectfully shows and alleges as follows:

1. All matters contained herein are transactionally related.

2. The plaintiff herein, Philip Hahn, is a citizen of the United States of America.

3. Mr. Hahn resides at 610 Falmouth Avenue, Paramus, New Jersey

**DEFENDANT'S INFORMATION**

4.  The defendant herein, The State of New Jersey has a principal place of business in Trenton, New Jersey.

5.  The defendant herein, The Supreme Court of New Jersey has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

6.  The defendant herein, The Appellate Court of New Jersey has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

7.  The defendant herein, The Essex County Superior Court of New Jersey has a principal place of business at the Historic Old Court House in Newark, New Jersey.

8.  The defendant herein, Stuart Rabner has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

9.  The defendant herein, Virginia Long has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

10. The defendant herein, Jaynee La Vecchia has a principal place of business at the North Tower, Suite 1101, 158 Headquarters Plaza, Morristown, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

11. The defendant herein, Barry Albin has a principal place of business at 50 Division Street, Suite 201, Somerville, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

12. The defendant herein, John Wallace has a principal place of business at 6 N. Broad Street, Suite 200, Woodbury, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

13. The defendant herein, Roberto Rivera-Soto has a principal place of business at the Ferry Terminal Bldg., Suite 330, Two Aquarium Drive, Camden, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

14. The defendant herein, Helen Hoens has a principal place of business at 92E. Main Street, Suite 404, Somerville, New Jersey and presided over the plaintiff's appeal to the Supreme Court of New Jersey via action with docket No. 63,880 & 66,371.

15. The defendant the Appellate Court of New Jersey has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.

16. The defendant the Honorable Skillman has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.

17. The defendant the Honorable Gilroy has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.

18. The defendant the Honorable Graves has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.

19. The defendant the Superior Court of Essex County has a principal place of business in the Historic Court House, Newark, New Jersey

20. The defendant the Honorable Vichness has a principal place of business in the Historic Court House, Newark, New Jersey

21. The defendant the Bergen Superior Court has a principal place of business located at 10 Main Street, Hackensack, New Jersey

22. The defendant the Honorable Estela De La Cruz has a principal place of business located at Superior Court of New Jersey 10 Main Street, Hackensack, New Jersey

23. The defendant herein, The University of Medicine and Dentistry of New Jersey (UMDNJ) has a principal place of business in 30 Broad Street, Newark, New Jersey.

24. The defendant Marco Zarbin has a principal place of business located at 30 Broad Street, Newark, New Jersey.

25. The defendant, Magdy Yacoub, has a principal place of business located at 30 Broad Street, Newark, New Jersey.

26. The defendant, Marianne Antoniello, has a principal place of business located at 30 Broad Street, Newark, New Jersey.

27. The defendant, Abraham Berkowitz, has a principal place of business located at 30 Broad Street, Newark, New Jersey.

28. The defendant herein, the Bergen Regional Medical Center has a principal place of business at 230 Farview Avenue, Paramus, New Jersey.

29. The defendant herein, Care Plus has a principal place of business in Paramus, New Jersey.

30. The defendant herein, the Retina Associates of Teaneck, has a principal place of business at 751 Teaneck Road, Teaneck, New Jersey.

31. The defendant, Doctor Noorily of the Retina Associates of Teaneck, has a principal place of business at 751 Teaneck Road, Teaneck, New Jersey.

32. The defendant herein, McCarter and English is located in Newark, New Jersey.

33. The defendant herein, Mr. Kott has a principal place of business at McCarter and English, Newark, New Jersey.

34. The defendant herein, Winston and Strawn is located in Newark, New Jersey

35. The defendant herein, Mr. Richter has a principal place of business at Winston and Strawn, Newark, New Jersey

36. The defendant herein, The Paramus Police Department has a principal place of business in Paramus, New Jersey.

37. The defendant herein, The Borough of Paramus has a principal place of business in Paramus, New Jersey.

38. The defendant herein, the law firm of Vasios, Kelly and Strollo has a principal place of business at 2444 Morris Avenue, Union, New Jersey

39. The defendant herein, Robert Logan has a principal place of business at 2444 Morris Avenue, Union, New Jersey

40. The defendant herein, the law firm of Ruprecht, Hart and Weeks has a principal place of business at 306 Main Street, Milburn, NJ 07041.

41. The defendant herein, Michael Ricciardulli has a principal place of business at 306 Main Street, Milburn, NJ 07041.

42. The defendant herein, Karin Ward has a principal place of business at 306 Main Street, Milburn, NJ 07041.

43. The defendant herein, Bristol-Myers Squibb has a principal place of business in Princeton, New Jersey

44. The Defendant herein, Otsuka Pharmaceutical has a principal place of business in College Park, Maryland.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEDINGS ASSOCIATED WITH ACTION PLED VIA ESX-L-3267-07

1. The defendant, the state of New Jersey did deny the plaintiff his civil rights via the maladministration of the events of the Supreme Court of New Jersey.

2. The defendant, the Supreme Court of New Jersey did deny the plaintiff his civil rights via the maladministration of the affairs of the Supreme Court of New Jersey.

3. The defendant Stuart Rabner did deny the plaintiff his civil rights when he adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury.

4. The defendant Stuart Rabner did deny the plaintiff his civil rights when he did fail to allow the plaintiff the cross examine the evidence submitted by Doctor Zarbin via R. 1:6-6 and R. 1:4-4(b) in violation of the plaintiff's right to equal protection as guaranteed by the 14th amendment to the United States Constitution.

5. The defendant Stuart Rabner did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of ESX-L-3267-07.

6. The defendant Virginia Long did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial be commenced in the matter of ESX-L-3267-07.

7. The defendant Jaynee La Vecchia, member of the Supreme Court of New Jersey, did deny the plaintiff his right to a trial by jury as guaranteed by the 7th Amendment to the Unities States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted with regard to ESX-L-3267-07.

8. The defendant Barry Albin did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted with regard to ESX-L-3267-07.

9. The defendant John Wallace did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted with regard to ESX-L-3267-07.

10. The defendant Roberto Rivera-Soto did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of

Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted to decide the merits of the action filed via ESX-L-3267-07.

11. The defendant Helen Hoens did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial be conducted to decide the merits of the action filed via ESX-L-3267-07.

12. On April 29, 2009 the defendants, Honorable Stuart Rabner, Honorable Virginia Long, Honorable Jaynee La Vecchia, Honorable Barry Albin, Honorable John Wallace, Honorable Roberto Rivera-Soto, and Honorable Helen Hoens, that were the members of the Supreme Court of New Jersey did fail to grant the plaintiff certification of the decision of the appellate court on January 26, 2009 regarding A-3815-07. As a result the plaintiff lost the opportunity for jury trial via the above reference Supreme Court's member's error. This is in violation of the plaintiff's right to due process as guaranteed by the 14th amendments to the United States Constitution.

13. On April 29, 2009 the defendants, the Honorable Stuart Rabner, Honorable Virginia Long, Honorable Jaynee La Vecchia, Honorable Barry Albin, Honorable John Wallace, Honorable Roberto Rivera-Soto, and Honorable Helen Hoens that were the members of the Supreme Court of New Jersey did fail to grant the plaintiff an appeal as a matter of right of the decision of the appellate court on January 26, 2009 regarding A-3815-07. In order to recover the plaintiff alleges that the members of the Supreme Court of New Jersey did deny the plaintiff's appeal as a matter of right via the willful misconduct of declining to decide the issues on appeal as a matter of right with the full knowledge that the issues on appeal were meritorious. This is in violation of the plaintiff's right to equal protection as guaranteed by the 14th amendments to the United States Constitution.

14. On January 26, 2009 the defendant the Appellate Court of New Jersey did become liable via a Title 42 U.S.C. 1983 action when judges Graves and Skillman, that presided over the plaintiff's appeal (A-3815-07), did fail to grant the appeal of the decision of the Essex Superior Court on February 20, 2008 with regard to Docket ESX-3267-07. The plaintiff complains that the meritorious appeal was denied as a result of the continuing maladministration of the judges by the appellate court.

15. On January 26, 2009 the defendant the Appellate Court of New Jersey did become liable when judges Graves and Skillman, that presided over the plaintiff's appeal (A-3815-07), did fail to insure that the plaintiff was given a jury trial. The plaintiff alleges that the appellate court willfully turned a blind eye to the judge's incompetence in violation of custom to have competent judges preside over the appellate court.

16. On February 20, 2008 the defendant, the Essex County Court of New Jersey did become liable via a Title 42 U.S.C. 1983 action when judge Vichness dismissed the plaintiff's case (ESX-L-3267-07) in spite of the fact that the case a meritorious and court failed to act via willful maladministration of the court.

17. On February 20, 2008 the defendant judge Vichness, did become liable when judge Vichness dismissed the plaintiff's case pled via ESX-L-3267-07 in spite of the fact that the case a meritorious. The plaintiff complains that the case was dismissed via the willful misconduct of the presiding judge and this denied the plaintiff due process as insured by the 14th amendment to the Unites State Constitution.

18. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the members of the Supreme Court of New Jersey when the members failed to direct that the plaintiff be given a trial by jury. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar via ESX-3267-07.

19. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the presiding members of the Appellate Court of New Jersey when the members failed to direct that the plaintiff be given a trial by jury. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar via ESX-3267-07.

20. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the Essex County Superior Court of New Jersey when the defendant Judge Vichness dismissed the plaintiff's case in spite of the fact that the case was meritorious and had not been fully adjudicated. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar via ESX-3267-07.

21. The plaintiff was denied equal protection under the law as only two judges presided over his appellate court proceedings via A-3815-07. This was in violation of the equal protection of the laws established by the 14th Amendment to the Constitution of the United States of America as other cases where heard by three appellate court judges in instances when other cases were heard. This deprived the plaintiff of an opportunity for dissent when his cases were heard and therefore the plaintiff was denied an avenue of due process via an appeal as a matter of right to the Supreme Court of New Jersey. The members of the Supreme court of New Jersey are liable via a Title 42 U.S.C. 1983, 1985 and 1986 action for adopting court rules that denied the plaintiff equal protection.

22. When the plaintiff sought to motion to reconsider the denial of his appeal the plaintiff was denied equal protection under the law as other appellants had their cases decided by three judges where the plaintiff's case (A-4216-08) was only heard by two appellate court judges. As the plaintiff's motion for reconsideration was heard by only two judges the plaintiff was denied the opportunity to have a majority of judges' vote in favor of his motion for reconsideration when one judge ruled against reconsidering the decision by the court on March 14, 2011. The members of the Supreme court of New Jersey are liable via a Title 42 U.S.C. 1983, 1985 and 1986 action for adopting court rules that denied the plaintiff equal protection.

23. The plaintiff was denied due process of law when via the willful misconduct of Judge Skillman when the judge denied the plaintiff his appeal filed via ESX-3815-08 with the full knowledge that the appeal was meritorious thereby denied the plaintiff a jury trial.

24. The plaintiff was denied due process of law when via the willful misconduct of Judge Graves when the judge denied the plaintiff his appeal filed via ESX-L-3815-08 with the full knowledge that the appeal was meritorious thereby denying the plaintiff his right to trial by jury.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEEDINGS ASSOCIATED WITH ACTION PLED VIA ESX-L-3063-08

1. The defendant, the state of New Jersey did deny the plaintiff his civil rights via the maladministration of the events of the Supreme Court of New Jersey.

2. The defendant, the Supreme Court of New Jersey did deny the plaintiff his civil rights via the maladministration of the affairs of the Supreme Court of New Jersey.

3. The defendant Stuart Rabner did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to overturn the dismissal of complaint pled via ESX-3063-08.

4. The defendant Stuart Rabner did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of ESX-L-3063-08.

5. The defendant Virginia Long did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial be directed in the matter of ESX-L-3063-08.

6. The defendant Jaynee La Vecchia, member of the Supreme Court of New Jersey, did deny the plaintiff his right to a trial by jury as guaranteed by 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted with regard to ESX-L-3063-08.

7. The defendant Barry Albin did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted with regard to ESX-L-3063-08.

8. The defendant John Wallace did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted to decide the merits of the action filed via ESX-L-3063-08.

9. The defendant Roberto Rivera-Soto did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial be conducted to decide the merits of the action filed via ESX-L-3063-08.

P8003226169x6391@aol.com Call or Email

10. The defendant Helen Hoens did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial be conducted to decide the merits of the action filed via ESX-L-3063-08.

11. On October 7, 2010 the defendants, Honorable Stuart Rabner, Honorable Virginia Long, Honorable Jaynee La Vecchia, Honorable Barry Albin, Honorable John Wallace, Honorable Roberto Rivera-Soto, and Honorable Helen Hoens, that were the members of the Supreme Court of New Jersey did fail to grant the plaintiff certification of the decision of the appellate court on May 22, 2010 with regard to appeal filed via ESX-L-4216-08. As a result the plaintiff lost the opportunity to recover the losses sought to be recovered by the legal action via the Supreme Court's error. In order to recover the plaintiff alleges that the members of the Supreme Court of New Jersey did deny the plaintiff's application for certification via the willful misconduct of declining to decide the issues on appeal via certification with the full knowledge that the issues on appeal were meritorious and the matter was not decided in an effort to deny the plaintiff justice.

12. On October 7, 2010 the defendants, the Honorable Stuart Rabner, Honorable Virginia Long, Honorable Jaynee La Vecchia, Honorable Barry Albin, Honorable John Wallace, Honorable Roberto Rivera-Soto, and Honorable Helen Hoens that were the members of the Supreme Court of New Jersey did fail to grant the plaintiff an appeal as a matter of right of the decision of the appellate court on May 22, 2010 regarding A-4216-08. In order to recover the plaintiff alleges that the members of the Supreme Court of New Jersey did deny the plaintiff's appeal as a matter of right via the willful misconduct of declining to decide the issues on appeal as a matter of right with the full knowledge that the issues on appeal were meritorious. This is in violation of the plaintiff's right to equal protection as guaranteed by the 14th amendments to the United States Constitution.

13. On May 22, 2010 the defendant the Appellate Court of New Jersey did become liable via a Title 42 U.S.C. 1983 action when judges Graves and Skillman, that presided over the plaintiff's appeal (A-4216-08), did fail to grant the appeal of the decision of the Essex Superior Court on February 20, 2008 with regard to Docket ESX-3063-08. The plaintiff complains that the meritorious appeal was denied as a result of the continuing maladministration of the judges by the appellate court.

14. On May 22, 2010 the defendant the Appellate Court of New Jersey did become liable when judges Graves and Skillman, that presided over the plaintiff's appeal (A-4216-08), did fail to insure that the plaintiff was given a jury trial. The plaintiff alleges that the appellate court willfully turned a blind eye to the judge's incompetence I violation of custom to have competent judges preside over the appellate court.

15. On February 20, 2008 the defendant, the Essex County Court of New Jersey did become liable via a Title 42 U.S.C. 1983 action when judge Vichness dismissed the plaintiff's case in spite of the fact that the case a meritorious and court failed to act via willful maladministration of the court.

16. On February 20, 2008 the defendant judge Vichness, did become liable when judge Vichness dismissed the plaintiff's case pled via ESX-L-3063-08 in spite of the fact that the case a meritorious. The plaintiff complains that the case was dismissed via the willful misconduct of the presiding judge and this denied the plaintiff due process as insured by the 14th amendment to the Unites State Constitution.

17. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the members of the Supreme Court of New Jersey when the members failed to direct that the plaintiff be given a trial by jury for the action filed via ESX-3063-08. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar therefore a Title 42 U.S.C. 1983 action is warranted.

18. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the presiding members of the Appellate Court of New Jersey when the members failed to direct that the plaintiff be given a trial by jury for the action filed via ESX-3063-08. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar therefore a Title 42 U.S.C. 1983 action is warranted.

19. The plaintiff was denied his right to jury as insured by 7th amendment to the United States Constitution by the Essex County Superior Court of New Jersey when the defendant Judge Vichness dismissed the plaintiff's case in spite of the fact that the case (ESX-L-3063-08) was meritorious and had not been fully adjudicated. All issues of fact were to be decided by a jury in the matters the plaintiff sought to bring to the bar therefore a Title 42 U.S.C. 1983 action is warranted.

20. The plaintiff was denied equal protection under the law as only two judges presided over his appellate court proceedings in the matter of A-4216-08. This was in violation of the equal protection of the laws established by the 14th Amendment to the Constitution of the United States of America as other cases where heard by three appellate court judges in instances when other cases were heard by the appellate court of New Jersey. This deprived the plaintiff of an opportunity for dissent when his cases were heard and therefore the plaintiff was denied an avenue of due process via an appeal as a matter of right to the Supreme Court of New Jersey. The members of the Supreme Court of New Jersey are liable via a Title 42 U.S.C. 1983, 1985 and 1986 action for adopting court rules that denied the plaintiff equal protection and due process.

21. When the plaintiff sought to motion to reconsider the denial of his appeal the plaintiff was denied equal protection under the law as other appellants had their cases decided by three judges where the plaintiff's case was only heard by two appellate court judges in the matter of A-4216-08. As the plaintiff's motion for reconsideration was heard by only two judges the plaintiff was denied the opportunity to have a majority of judges' vote in favor of his motion for reconsideration when one judge ruled against reconsidering the decision by the court on March 14, 2011. The members of the Supreme court of New Jersey are liable via a Title 42 U.S.C. 1983, 1985 and 1986 action for adopting court rules that denied the plaintiff equal protection.

22. The plaintiff was denied due process of law when via the willful misconduct of Judge Skillman when the judge denied the plaintiff his appeal filed via ESX-4216-08 with the full knowledge that the appeal was meritorious thereby denied the plaintiff due process. This was in violation of the 14th amendment to the United States Constitution.

23. The plaintiff was denied due process of law when via the willful misconduct of Judge Gilroy when the judge denied the plaintiff his appeal filed via ESX-L-4216-08 with the full knowledge that the appeal was meritorious thereby denying the plaintiff his right to due process. This was in violation of the 14th amendment to the United States Constitution.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE CARE PLUS ORGANIZATION

24. The defendant herein, Care Plus did become liable via respondent superior theory via a Title 42 U.S.C. 1983 civil rights action when the employee Renee Garbowski did falsely imprison the plaintiff on April 14, 2005 via the failure to properly train employee Renee Garbowski. It is customary to send qualified individuals to conduct mental health evaluations. It is alleged that Miss Garbowski was incompetent.

25. The defendant herein, Renee Garbowski did become liable via a Title 42 U.S.C. 1983 action by falsely imprison the plaintiff on April 14, 2005 via violation of the defendants 5th Amendment rights.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE PARAMUS POLICE DEPARTMENT

26. The defendant herein, the Paramus Police Department did become liable via a Title 42 U.S.C. 1983 civil rights action when one of the department's employees did falsely imprison the plaintiff on April 14, 2005. Via the Police Department's failure to properly train the offending officers, the Borough of Paramus denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on April 14, 2005.

27. The defendant herein, the Borough of Paramus, did become liable via a Title 42 U.S.C. 1983 civil rights action when a member of the Paramus Police Department did falsely imprison the plaintiff on April 14, 2005. Via the Borough of Paramus' failure to properly train the offending officers the Borough of Paramus denied the plaintiff the customary properly trained police officers with regard to knowledge of the law.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF RUPRECHT, HART AND WEEKS

28. Michael Ricciardulli did, via the use of fraud, defeat the plaintiff's appeal (A-3815-07) of dismissal of action pled via docket ESX-L-3267-07 in the Essex Superior Court. It is customary to argue on the floor of the Appellate Court of New Jersey via the use of factual arguments and not the use of fraud.

29. Michael Ricciardulli did, via the use of fraud, defeat the plaintiff's appeal (A-4216-08) of dismissal of action pled via docket ESX-L-3063-08 in the Essex Superior Court. It is customary to argue on the floor of the Appellate Court of New Jersey via the use of factual arguments and not the use of fraud.

30. Karin Ward did via the 'abuse of process' motion the Essex County Superior Court to dismiss action pled via ESX-3267-07 in spite of the fact that she knew the action was meritorious. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States.

31. Karin Ward did have ESX-L-3063-08 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied that plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE BERGEN REGIONAL MEDICAL CENTER

32. The defendant the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983 action when the plaintiff had his retinal detachment aggravated when the defendant's (The Bergen Regional Medical Center) employees did force aspirin and multi vitamins on the plaintiff in violation of his right to refuse medication under the law of the N.J.S.A. 30:4-27.11d. Via the Bergen Regional Medical Center's maladministration of its employees the staff members were unaware of the law via N.J.S.A. 30:4-27.11d.

33. The defendant the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983 action when the plaintiff had a CAT scan performed on him after ingesting Abilify. Via the Bergen Regional Medical Center's maladministration of its employees the staff members were unaware of the danger of giving a CAT scan to a person that ingested Abilify.

34. The defendant the estate of doctor Cuculic did become liable via a Title 42 U.S.C. 1983 action when the plaintiff had his retinal detachment aggravated when the defendant did force aspirin and multi vitamins on the plaintiff in violation of his right to refuse medication under the law of the N.J.S.A. 30:4-27.11d. The plaintiff was denied due process under the law as guaranteed by the 14th amendment to the United States Constitution.

35. The defendant, the estate of doctor Cuculic did become liable via a Title 42 U.S.C. 1983 action when the late doctor Cuculic did defraud the plaintiff when the plaintiff signed a voluntary admission document that did not inform the plaintiff of his right to leave upon request. The plaintiff was to be informed of his right to leave upon request as required via N.J.S.A. 30:4-27.9.

36. The defendant, the estate of doctor Cuculic did become liable via a Title 42 U.S.C. 1983 action when the late doctor Cuculic did fail to release the plaintiff within 48 hours of request to be discharged from the Bergen Regional Medical Center. This ran contrary to the explicit language of the voluntary agreement the plaintiff signed, notwithstanding the agreement was not in compliance with the applicable law. This was a breach of contract that denied that plaintiff the rights established by the contract.

37. The defendant, the estate of doctor Cuculic did become liable via a Title 42 U.S.C. 1983 action via violation of the plaintiff's 5th amendment rights when the late doctor Cuculic did falsely imprison the plaintiff. The plaintiff was not release by the hospital upon request. As the plaintiff was held without legal justification he was falsely imprisoned.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY

38. The plaintiff was assaulted by the defendant's (UMDNJ) employees via the performance of non-consensual cataract surgery on June 1, 2005 as a result of the hospital's maladministration.

39. The plaintiff was assaulted by the defendant doctor Marco Zarbin via the performance of non-consensual cataract surgery on June 1, 2005 via a callous and deliberate indifference to the plaintiff's safety.

40. The plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment of the United States Constitution when he had the lens removed from his right eye in retaliation for receiving a microscope with a missing lens in the fall of 2002 in New York City, by the defendant doctor Marco Zarbin via the performance of non-consensual cataract surgery on June 1, 2005.

41. The plaintiff was recklessly assaulted by the defendant's (UMDNJ) employees via being made to walk his bag of anesthesia to the operating room on June 1, 2005. The procedure of making the plaintiff walk to the operating room carrying his anesthesia caused an unsafe amount of anesthesia to flow into the plaintiff's body causing unnecessary action on his neurons. Reckless assault is a valid cause of action via Title 42 U.S.C. 1983 via a callous and deliberate indifference to the plaintiff's safety.

42. The plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment of the United States Constitution when he was made to walk to the operating room carrying his anesthesia bag by Magdy Yacoub in retaliation for receiving a possibly stolen microscope in a bag in the fall of 2002 in New York City.

43. The plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment of the United States Constitution when he was made to walk to the operating room carrying his anesthesia bag by Marianne Antoniello in retaliation for receiving a possibly stolen microscope in a bag in the fall of 2002 in New York City.

44. The plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment of the United States Constitution when he was made to walk to the operating room carrying his anesthesia bag by Abraham Berkowitz in retaliation for receiving a possible stolen microscope in a bag in the fall of 2002 in New York City.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEDINGS ASSOCIATED WITH ACTION PLED VIA BER-L-1852-07

45. The defendant, the Bergen County Superior Court, did become liable via a Title 42 U.S.C. 1983 civil rights action when the employee the Honorable Estela De La Cruz did deny the plaintiff his right to a trial by jury as guaranteed by the United States Constitution. This was a part of persistent maladministration of the court.

46. The defendant the Honorable Estela De La Cruz did become liable via a Title 42 U.S.C. 1983 civil rights action when she did deny the plaintiff his right to a trial by jury as guaranteed by the Constitution of the United States.

47. The defendant Robert Logan did become liable via a Title 42 U.S.C. 1983 civil rights action when he did seek motion for summary judgment via the abuse of process when he moved for summary judgment with the full knowledge motion for summary judgment should not have been granted as the plaintiff is due a jury trial.

48. Via the actions of Mr. Richter, defendant Winston and Strawn did become liable via the Title 42 U.S.C. 1983 by breaking the custom of sending competent counsel to argue on the floor of the Superior Court of New Jersey.

49. The defendant Mr. Richter did become liable via a Title 42 U.S.C. 1983 civil rights action when he did seek to motion the Superior Court of Bergen County to dismiss action versus Otsuka Pharmaceutical in action pled via BER-1852-07 and thereby denied the plaintiff his right to trial by jury as guaranteed by the Constitution of the United States.

50. Via the actions of Mr. Kott, defendant McCarter and English did become liable via the Title 42 U.S.C. 1983 by breaking the custom of sending competent counsel to argue on the floor of the Superior Court of New Jersey.

51. The defendant Mr. Kott did become liable via a Title 42 U.S.C. 1983 civil rights action when he did seek to motion the Superior Court of Bergen County to dismiss action versus Bristol-Myers Squibb in action pled via BER-1852-07 and thereby denied the plaintiff his right to trial by jury as guaranteed by the Constitution of the United States.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE RETINA ASSOCIATES OF NEW JERSEY

52. On April 26, 2005, the defendant, the Retina Associates of Teaneck, did become liable via a Title 42 U.S.C. 1983 civil rights action via maladministration when Doctor Stuart Noorily recklessly assaulted the plaintiff by failing to inform the plaintiff that his right eye would deteriorate in the absence of surgery. Doctor Noorily should have been made aware of the plaintiff's eye deteriorating in the absence of surgery by the Retina Associates of Teaneck.

53. On April 26, 2005, the defendant, Doctor Stuart Noorily, did become liable via a Title 42 U.S.C. 1983 civil rights action when Doctor Stuart Noorily recklessly assaulted the plaintiff by failing to inform the plaintiff that his right eye would deteriorate in the absence of surgery via a callous indifference to the plaintiff's safety precipitating the Title 42 U.S.C. 1983 action.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY BRISTOL MYERS SQUIBB

54. Via a callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey the defendant, Bristol Myers Squibb did release the product Abilify that the plaintiff had forced upon him in April and May of 2005.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY OTSUKA PHARMACEUTICAL

55. Via a callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey the defendant, Otsuka Pharmaceutical did release the product Abilify that the plaintiff had forced upon him in April and May of 2005.

## REQUEST FOR RELIEF

56. The statute of limitations for the actions the plaintiff seeks to bring to the bar is six years as the residual statute of limitations in New Jersey is at least six years via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488 U.S. 235.

57. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendants with the exception of the employees of the Bergen Regional Medical Center, the Bergen Regional Medical Center, the employees of the Retina Associates of Teaneck, the Retina Associates of Teaneck, the employees of UMDNJ, and the UMDNJ in the amount of $20,000,000. The percentages of liability are to be determined by jury.

58. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendants the Bergen Regional Medical Center and the Estate of Doctor Cuculic, in the amount of $5,000,000. The percentages of liability are to be determined by jury.

59. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendants the UMDNJ, Doctor Zarbin, Magdy Yacoub, Marianne Antoniello and Abraham Berkowitz, in the amount of $5,000,000. The percentages of liability are to be determined by jury.

60. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendant the Retina Associates of Teaneck and Doctor Noorily, in the amount of $5,000,000. The percentages of liability are to be determined by jury.

WHEREFORE, plaintiff demands judgment against defendants in the above referenced amounts, plus interest from a time established by the court, costs and disbursements, together with any other relief the Court finds to be just and proper.

Dated: April 1, 2011

Philip Hahn, Pro Se

610 Falmouth Avenue
Paramus, NJ 07652
(201)445-5834

P8003226169x6391@aol.com Call or Email

## AMENDMENT OF FEDERAL CIVIL RIGHTS CLAIM – appellate action I

### PLAINTIFF'S INFORMATION

The complaint of the plaintiff, Philip Hahn, respectfully shows and alleges as follows:

1. All matters contained herein are transactionally related.

2. The plaintiff herein, Philip Hahn, is a citizen of the United States of America.

3. Mr. Hahn resides at 610 Falmouth Avenue, Paramus, New Jersey

### DEFENDANT'S INFORMATON

1. The defendant the Honorable Alvarez has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.
2. The defendant the Honorable Lisa has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.
3. The defendant the Honorable Reisner has a principal place of business in the Hughes Justice Center, Trenton, New Jersey.
4. The defendant Robert Logan has a principal place of business at 2444 Morris Avenue, Union, NJ.
5. The defendant Mr. David Kott has a principal place of business at McCarter and English, Four Gateway Center, 100 Mulberry Street, POB 652, Newark, NJ 07102.
6. The defendant Mr. James Richter has a principal place of business at Winston and Strawn.
7. The defendant Mr. Samuel Goffinet has a principal place of business at Ahmuty, Demers & McManus, Morristown, New Jersey.
8. The defendant Ms. Patricia Wason has a principal place of business at Post, Polak, Goodsell, MacNeill & Strauchler, Roseland, New Jersey.

### CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEDINGS ASSOCIATED WITH ACTION PLED VIA A-2869-09T1, A-6282-09T1 AND A-1924-10T4

1. The defendant the Honorable Alvarez did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42

U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

2. The defendant the Honorable Alvarez did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

3. The defendant the Honorable Alvarez did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

4. The defendant the Honorable Lisa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

5. The defendant the Honorable Lisa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

6. The defendant the Honorable Lisa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

7. The defendant the Honorable Reisner did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

8. The defendant the Honorable Reisner did become liable to the plaintiff when he did deny the plaintiff his right to a

trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

9. The defendant the Honorable Reisner did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of **A-2869-09T1, A-6282-09T1 AND A-1924-10T4.**

10. The defendant Robert Logan did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he opposed the appeal of the matter of **A-2869-09T1.**

11. The defendant the Robert Logan did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he opposed the appeal of the matter of **A-2869-09T1.**

12. The defendant the Robert Logan did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he opposed the appeal of the matter of **A-2869-09T1.**

13. The defendant Mr. Kott did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he opposed the appeal of the matter of **A-2869-09T1.**

14. The defendant the Mr. Kott did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he opposed the appeal of the matter of **A-2869-09T1.**

15. The defendant the Mr. Kott did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C.

1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
opposed the appeal of the matter of **A-2869-09T1**.

16. The defendant Mr. Richter did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he opposed the appeal of the matter of **A-2869-09T1**.

17. The defendant the Mr. Richter did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by Article 1 Paragraph 9 of the
New Jersey Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he opposed the appeal of the matter of **A-2869-09T1**.

18. The defendant the Mr. Richter did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as was the custom via the Rules of the Court
of New Jersey R.4:35-1 via the violation of Title 42 U.S.C.
1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
opposed the appeal of the matter of **A-2869-09T1**.

19. The defendant Mr. Goffinet did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he opposed the appeal of the matter of ~~A-2869-09T1~~.A-6232-09T1

20. The defendant the Mr. Goffinet did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by Article 1 Paragraph 9 of the
New Jersey Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he opposed the appeal of the matter of ~~A-2869-09T1~~. A-6282-09T1

21. The defendant the Mr. Goffinet did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as was the custom via the Rules of the Court
of New Jersey R.4:35-1 via the violation of Title 42 U.S.C.
1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
opposed the appeal of the matter of ~~A-2869-09T1~~. A-6282-09T1

22. The defendant Ms. Wason did become liable to the plaintiff
when he did deny the plaintiff his right to a trial by jury
as guaranteed by the 7th amendment to the United States
Constitution via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she
opposed the appeal of the matter of **A-1924-10T4**.

23. The defendant Ms. Wason did become liable to the plaintiff
when he did deny the plaintiff his right to a trial by jury
as guaranteed by Article 1 Paragraph 9 of the New Jersey

Constitution via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she
opposed the appeal of the matter of **A-1924-10T4.**

24. The defendant Ms. Wason did become liable to the plaintiff
when he did deny the plaintiff his right to a trial by jury
as was the custom via the Rules of the Court of New Jersey
R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title
42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she opposed
the appeal of the matter of **A-1924-10T4.**

**REQUEST FOR RELIEF**

1. The statute of limitations for the actions the plaintiff
seeks to bring to the bar is six years as the residual
statute of limitations in New Jersey is at least six years
via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488 U.S. 235.

2. By reason of the facts and circumstances stated above, the
plaintiff has been damaged by the defendants the Honorable
Lisa, the Honorable Reisner, the Honorable Alvarez, Robert
Logan, Mr. Kott, Mr. Richter, Mr. Samuel Goffinet and Ms.
Wason in the amount of $20,000,000 that he would have
recovered if he was not denied a jury trial by any of the
defendants.  The percentages of liability are to be
determined by jury.

WHEREFORE, plaintiff demands judgment against defendants in
the above referenced amounts, plus interest from a time
established by the court, costs and disbursements, together
with any other relief the Court finds to be just and proper
after a jury decides all triable issues.

Dated: June 30, 2011

_____

Philip Hahn, Pro Se

610 Falmouth Avenue
Paramus, NJ 07652
(201)445-5834

P8003226169x6391@aol.com Call or Email

**AMENDMENT OF FEDERAL CIVIL RIGHTS CLAIM - Babor**

**PLAINTIFF'S INFORMATION**

The complaint of the plaintiff, Philip Hahn, respectfully
 shows and alleges as follows:

1. All matters contained herein are transactionally related
   via an ongoing conspiracy to deny the plaintiff his rights
   as established by the Constitution of the United States and
   the Constitution of the State of New Jersey by the parties
   mentioned herein the amended complaint.

2. The plaintiff herein, Philip Hahn, is a citizen of the
   United States of America.

3. Mr. Hahn resides at 610 Falmouth Avenue, Paramus, New
   Jersey

**DEFENDANT'S INFORMATON**

1) The defendant Jude Tiscornia has a principal place of
   business at Bogart, Keane and Ryan, 660 Newark Avenue,
   Suite 200, POB 8118, Jersey City, NJ 07308.
2) The defendant Thomas J. Brady has a principal place of
   business at Bogart, Keane and Ryan, 660 Newark Avenue,
   Suite 200, POB 8118, Jersey City, NJ 07308.
3) The Honorable Baber has a principal place of business at
   the Superior Court of New Jersey, Law Division, Hudson
   County, Special Civil Part, 595 Newark Avenue, RM 711,
   Jersey City, NJ 07306
4) The Hudson County Special Civil Court has a principal place
   of business at the Superior Court of New Jersey, Law
   Division, Hudson County, Special Civil Part, 595 Newark
   Avenue, Jersey City, NJ 07306

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL
 PROCEDINGS ASSOCIATED WITH ACTION PLED VIA HUD-DC-17133-09**

1. The defendant the Honorable Baber did become liable to the
   plaintiff when he did deny the plaintiff his right to a
   trial by jury as guaranteed by the 7th amendment to the
   United States Constitution via the violation of Title 42
   U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
   when he failed to direct that a jury trial commence in the
   matter of HUD-DC-17133-09.

P8003226169x6391@aol.com Call or Email

2. The defendant the Jude Tiscornia did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of HUD-DC-17133-09.

3. The defendant the Thomas J. Brady did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he received a jury trial notice and failed to inform that members of his firm that a jury trial was scheduled HUD-DC-17133-09.

4. The defendant the Honorable Baber did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the Constitution of the State of New Jersey via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of HUD-DC-17133-09.

5. The defendant the Jude Tiscornia did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the Constitution of the State of New Jersey the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of HUD-DC-17133-09.

6. The defendant the Thomas J. Brady did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the Constitution of the State of New Jersey via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he received a jury trial notice and failed to inform that members of his firm that a jury trial was scheduled HUD-DC-17133-09.

7. Via the maladministration of its employees, Hudson County Special Civil Court did become liable to the plaintiff via a Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 action when the notice that stated a jury trial in HUD-DC-17133-09 was scheduled was deliberately sent to a fictitious address.

**REQUEST FOR RELIEF**

1. The statute of limitations for the actions the plaintiff
   seeks to bring to the bar is six years as the residual
   statute of limitations in New Jersey is at least six years
   via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488 U.S. 235.

2. By reason of the facts and circumstances stated above, the
   plaintiff has been damaged by the defendants the Honorable
   Baber, Jude Tiscornia, Thomas J. Brady and Hudson County
   Special Civil Court in the amount of $15,000 that he would
   have recovered if he was not denied a jury trial by any of
   the defendants.  The percentages of liability are to be
   determined by jury.

WHEREFORE, plaintiff demands judgment against defendants in
   the above referenced amounts, plus interest from a time
   established by the court, costs and disbursements, together
   with any other relief the Court finds to be just and proper
   after a jury decides all triable issues.

Dated: June 30, 2011


                                        _____
                                        Philip Hahn, Pro Se

                                        610 Falmouth Avenue
                                        Paramus, NJ 07652
                                        (201)445-5834


P8003226169x6391@aol.com Call or Email

## AMENDMENT OF FEDERAL CIVIL RIGHTS CLAIM - Mongiardo

### PLAINTIFF'S INFORMATION

The complaint of the plaintiff, Philip Hahn, respectfully shows and alleges as follows:

1. All matters contained herein are transactionally related.

2. The plaintiff herein, Philip Hahn, is a citizen of the United States of America.

3. Mr. Hahn resides at 610 Falmouth Avenue, Paramus, New Jersey

### DEFENDANT'S INFORMATON

1) The defendant the Honorable Mongiardo has a principal place of business at Passaic County Superior Court, Special Civil Part, Passaic Courthouse, 77 Hamilton Street, Paterson, NJ 07505.

### CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEDINGS ASSOCIATED WITH ACTION PLED VIA PAS-DC-05201-10, PAS-DC-7635-10, PAS-DC-9716-10, PAS-DC-7954-10, AND PAS-DC-11804-10

1. The defendant the Honorable Mongiardo did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of PAS-DC-05201-10, PAS-DC-7635-10, PAS-DC-9716-10, PAS-DC-7954-10, AND PAS-DC-11804-10.

2. The defendant the Honroable Mongiardo did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the Constitution of the State of New Jersey via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of PAS-DC-05201-10, PAS-DC-7635-10, PAS-DC-9716-10, PAS-DC-7954-10, AND PAS-DC-11804-10.

### REQUEST FOR RELIEF

1. The statute of limitations for the actions the plaintiff seeks to bring to the bar is six years as the residual statute of limitations in New Jersey is at least six years via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488 U.S. 235.

2. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendant the Honorable Mongiardo in the amount of $180,000 that he would have recovered if he was not denied a jury trial by any of the defendants.  The percentages of liability are to be determined by jury.

WHEREFORE, plaintiff demands judgment against defendants in the above referenced amounts, plus interest from a time established by the court, costs and disbursements, together with any other relief the Court finds to be just and proper after a jury decides all triable issues.

Dated: June 30, 2011

_____

Philip Hahn, Pro Se

610 Falmouth Avenue
Paramus, NJ 07652
(201)445-5834

U.S. DISTRICT COURT
2011 JUN 28 P 2:02