# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PHILIP E. HAHN, | : | Civil Action No. 11-cv-1874 (ES)(PS) |
|  | : | Honorable Esther Salas, U.S.D.J. |
| Plaintiff, | : | Honorable Patty Shwartz, U.S.M.J. |
| v. | : |  |
|  | : |  |
| THE STATE OF NEW JERSEY; *et al.* | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
|  | : |  |

---

## BRIEF IN SUPPORT OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
  Bristol-Myers Squibb Company

Of Counsel,
    David R. Kott
On the Brief,
    David R. Kott
    Sara F. Merin

ME1 11956840v.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................2

ARGUMENT ..................................................................................7

I.    STANDARD OF REVIEW ON A MOTION TO DISMISS.........................7

II.   PLAINTIFF'S "CIVIL RIGHTS" PRODUCT LIABILITY ACT
      CLAIM IS AN ATTEMPT TO RE-LITIGATE CLAIMS BARRED
      BY *RES JUDICATA*, THE ENTIRE CONTROVERSY DOCTRINE,
      AND COLLATERAL ESTOPPEL DUE TO PLAINTIFF'S STATE
      COURT LITIGATION ALLEGING INJURY FROM THE SAME
      OCCURRENCE ........................................................................10

      A.    Plaintiff's Claims Against BMS Are Barred by *Res Judicata*..11

      B.    Plaintiff's Claims Against BMS Are Barred by the Entire
            Controversy Doctrine...............................................13

      C.    Plaintiff's Claims Against BMS Are Barred by Collateral
            Estoppel...............................................................14

III.  TO THE EXTENT THE COMPLAINT ALLEGES THAT BMS
      VIOLATED 42 U.S.C. §§ 1983, 1985, AND/OR 1986, THE
      COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
      RELIEF CAN BE GRANTED .......................................................17

      A.    Plaintiff's Claims Alleging Violation of 42 U.S.C. §§ 1983,
            1985, and/or 1986 Are Insufficiently Plead..........................17

      B.    BMS Is Not A State Actor, So Section 1983 Claims -- To The
            Extent They Are Alleged -- Fail to State A Claim ...................19

      C.    Section 1985 Is Inapplicable to BMS ...............................21

      D.    Section 1986 is Inapplicable to BMS ...............................23

CONCLUSION ..............................................................................25

ME1 11956840v.1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adamson v. Ortho-McNeil Pharms., Inc.*,
  463 F. Supp. 2d 496 (D.N.J. 2006)................................................................8, 19

*Ashcroft v. Iqbal*,
  129 S. Ct. 1939 (2009)............................................. 7, 8, 9, 11, 18, 19, 20, 23, 24

*Cahn v. United States*,
  269 F. Supp. 2d 537 (D.N.J. 2003)........................................ 12, 13, 14, 15, 17

*Farber v. City of Paterson*,
  440 F.3d 131 (3d Cir. 2006) ........................................................................22, 23

*Institutional Investors Group v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ...............................................................................9

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345 (1974).............................................................................................20

*Leamer v. Fauver*,
  288 F.3d 532 (3d Cir. 2002) ..............................................................................19

*McTernan v. City of York*,
  564 F.3d 636 (3d Cir. 2009) ....................................................................7, 18, 19

*In re Mullarkey*,
  536 F.3d 215 (3d Cir. 2008) ........................................ 11, 12, 13, 14, 15, 16, 17

*Owens v. Okure*,
  488 U.S. 235 (1989).............................................................................................11

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
  288 F.3d 548 (3d Cir. 2002) ...............................................................................9

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong*
  *Shipping Group Ltd.*,
  181 F.3d 410 (3d Cir. 1999) ..............................................................3, 4, 6, 9, 10

ME1 11956840v.1

*Watson v. Englewood Police Dep't*,
　　No. 94-cv-3920, 1995 U.S. Dist. LEXIS 327 (D.N.J. Jan. 12, 1995) ....12, 13, 16

*Winer Family Trust v. Queen*,
　　503 F.3d 319 (3d Cir. 2007) ..................................................................................9

**STATE CASES**

*Atkinson v. Pittsgrove Township*,
　　193 N.J. Super. 23 (Ch. Div. 1983) ...........................................................12, 13

*Hahn v. Bergen Reg'l Med. Ctr.*,
　　Docket Nos. A-2689-09, A-6282-09, A-1924-10
　　(N.J. Super. App. Div. June 23, 2011) (slip op.) ....... 3, 4, 5, 6, 11, 13, 14, 16, 17

**STATUTES**

42 U.S.C. § 1983 ...................................................................................17, 19

42 U.S.C. § 1985 ...........................................................................17, 21, 22, 23

42 U.S.C. § 1986 ...............................................................................17, 23, 24

N.J.S.A. 2A:14-2 ...........................................................................................11

**OTHER AUTHORITIES**

Sheldon H. Nahmod, *Civil Rights & Civil Liberties Litigation: The Law of
　　Section 1983* (4th Ed. 2010) ............................................................................20

iii

ME1 11956840v.1

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Defendant Bristol-Myers Squibb Company (improperly named as Bristol Myers Squibb) in support of its motion to dismiss the Complaint and any and all Amended Complaints filed by Plaintiff Philip E. Hahn.  Plaintiff is seeking a percentage of $20 million in damages from Bristol-Myers Squibb Company ("BMS").  He alleges that BMS committed a civil rights violation by allegedly disregarding the New Jersey Products Liability Act ("NJPLA") by "releasing" Abilify®, an FDA-approved anti-psychotic medication with which Plaintiff was treated in 2005.  As set forth below, Plaintiff is attempting to re-litigate his state court case and the Amended Complaint fails to state a claim upon which relief can be granted, as it is barred by *res judicata*, the entire controversy doctrine, collateral estoppel and does not allege facts sufficient to survive a 12(b)(6) motion to dismiss.

This action is the latest in a long line of complaints and amended complaints (and appeals of the judgments denying relief in those actions) seeking damages from BMS based on Plaintiff's alleged injury with Abilify®.  The relief sought by Plaintiff is related to an action at docket number BER-L-1852-07, which is the consolidation of five separate complaints (four of which named BMS as a defendant) stemming from Plaintiff's treatment with Abilify®, an anti-psychotic

1

medication, at Bergen Regional Medical Center in 2005.[1]  The state court

complaints against BMS were dismissed on the pleadings for failure to state a

claim upon which relief can be granted due to the claims being raised outside of

the applicable statute of limitations.

Plaintiff's claim here, while captioned as a "Civil Rights Action Via Denial

of Rights by Bristol Myers Squibb[,]" is based on the same exact underlying

incident as his state court claims at BER-L-1852-07, BER-L-1855-07, BER-L-

2935-07, and BER-L-8812-07 (and appealed at A-2869-09).  His Complaint

against BMS is therefore barred by *res judicata*, the entire controversy doctrine,

and collateral estoppel.  It also fails to state a claim under either the NJPLA or, to

the extent it is alleged, 42 U.S.C. § 1983, § 1985, or § 1986.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff claims that BMS "release[d] the product Abilify that the plaintiff

had forced upon him in April and May of 2005" "[v]ia a callous and deliberate

disregard for the provisions of the Product Liability Act of New Jersey[.]"

(Compl., *Hahn v. New Jersey*, No. 11-cv-1874 [document 1] ("Compl."); *see also*

Am. Compl. [document 16] (asserting identical claims against BMS).)  This is the

---

[1] Of the underlying actions mentioned in Plaintiff's Complaint, BMS is only
involved in BER-L-1852-07, consolidated docket numbers related to BER-L-1852-
07, which, while not mentioned in the Complaint, are BER-L-1855-07, BER-L-
2935-07, and BER-L-8812-07, and the appeal of the courts decision in the
consolidated cases, which was docketed at A-2869-09.

not the first time Plaintiff has alleged injury against BMS from his April to June

2005 treatment with Abilify®, an anti-psychotic medication.  (*See* Certification of

Sara F. Merin in Support of Bristol-Myers Squibb Company's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Merin Certif."), Ex. A:

*Hahn v. Bergen Reg'l Med. Ctr.*, Docket Nos. A-2689-09, A-6282-09, A-1924-10

at 1-7 (N.J. Super. App. Div. June 23, 2011) (slip op.) ("*June 23 App. Div. Op.*").)

His first series of complaints alleging the same injury were already litigated in a

consolidated action in state court.  (*See id.* at 4-7, 12; Merin Certif., Ex. B: Tr. of

Motion, *Hahn v. Bergen Reg'l Med. Ctr.*, BER-L-1852-07 (Jan. 23, 2009) ("Jan.

23, 2009 Tr.") at 23:20-29:2; Ex. C: Order, *Hahn v. Bergen Reg'l Med. Ctr.*, BER-

L-1852-07, BER-L-1855-07, BER-L- 2935-07 (Jan. 23, 2009) ("Jan. 23, 2009

Order"); Am. Compl. ¶ 54.  The Appellate Division set out the procedural history

and background of the state court lawsuit that included Plaintiff's claims against

BMS based on his 2005 treatment with Abilify® in its recent decision affirming

the trial court's dismissal of that matter.[2]  (*See* Merin Certif., Ex. A: *June 23 App.

Div. Op.* at 6-7, 12, 18.)  The court wrote,

---

[2] In deciding a motion to dismiss, a Court's review is not limited solely to the
documents attached to the complaint by plaintiffs.  "To resolve a 12(b)(6) motion,
a court may properly look at public records, including judicial proceedings, in
addition to the allegations in the complaint."  *Southern Cross Overseas Agencies,
Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).  In
doing so, a court "may take judicial notice of another court's opinion not for the

3

The first appeal, under Docket No. A-2869-09T1, involves four separate lawsuits brought by plaintiff, which were consolidated in the Law Division. These suits related to plaintiff's commitment of April 14, 2005.  That commitment occurred after the police were called to plaintiff's home because of a violent incident reported by plaintiff's mother.  After being assessed by a mental health screener at [Bergen Regional Medical Center ("BRMC")], plaintiff was found to be "extremely" dangerous.  A staff physician, Dr. Zarko Cuculic, diagnosed plaintiff with paranoid schizophrenia and prescribed Abilify, a brand name for a drug that is marketed by Bristol-Myers Squibb Company (BMS) and Otsuka America Pharmaceutical, Inc. (OAP) for the treatment of schizophrenia and bipolar disorder.

*     *     *

On April 25, 2005, while at BRMC, plaintiff was diagnosed with retinal detachment. The next day, he was given a "pass" to leave BRMC for the purpose of being evaluated by Dr. Stuart Noorily, a retinal specialist at Teaneck Retina Associates.  Plaintiff went to his appointment with Dr. Noorily, after which he returned to BRMC. Apparently, plaintiff was evaluated but not treated by Dr. Noorily.

On May 6, 2005, plaintiff was discharged from BRMC. Based upon his own research, plaintiff was of the belief that Abilify aggravated a pre-existing retinal detachment in his right eye.  He contended that his vision in that eye deteriorated as a result.  He based his research on his college chemistry studies and authored what he designated as his "own expert report" in that regard.

### B.

truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."  *Ibid.*

ME1 11956840v.1

Plaintiff filed four complaints arising out of these circumstances: (1) On March 12, 2007, in L-1852-07, he sued BRMC, claiming that he was misdiagnosed with a psychiatric illness and therefore improperly admitted to that facility.  On August 10, 2007 plaintiff amended this complaint to include the claim that BRMC negligently medicated him with Abilify, and to include OAP as a defendant.  (2) On March 12, 2007, in L-1855- 07, he sued BRMC for failing to notify him of the injury to his retina and failing to warn him of possible damage to his retina from Abilify.  On August 14, 2007, plaintiff amended this complaint to include claims against Dr. Cuculic and BMS.  (3) On April 23, 2007, in L-2935-07, plaintiff sued BRMC alleging that he was falsely imprisoned.  (4) On November 30, 2007, in L-8812-07, plaintiff sued BRMC, Dr. Cuculic and BMS, alleging that he was improperly treated with Abilify and suffered damage to his retina as a result.

\*       \*       \*

On January 23, 2009 the court entered orders dismissing the claims against OAP and BMS in L-1852-09 and L-8812-07 because they were barred by the statute of limitations.  Plaintiff's motion for reconsideration was denied on March 30, 2009.

BRMC and Dr. Cuculic filed for summary judgment on November 10, 2009 and argument was heard on December 18, 2009. On January 7, 2010, the court issued a comprehensive written decision concluding that none of the complaints against BRMC and Dr. Cuculic were viable . . . .  The court entered a dismissal order on January 7, 2010.

Plaintiff subsequently filed a series of motions, which included: for summary judgment in L-1855-07; to amend the complaint and award judgment in L-1855-07; for reconsideration of the January 7, 2010 order granting summary judgment to defendants; and for

5

> reconsideration of the court's January 23, 2009 denial of plaintiff's request for a hearing under *Lopez v. Swyer*, 62 N.J. 267 (1973).  On March 22, 2010 the court issued a thorough written decision denying all of these motions.

(*See* Merin Certif., Ex. A: *June 23 App. Div. Op.* at 4-7.)  Thus, like the Complaint here, each of Plaintiff's previous Complaints against BMS addressed in the appeal claimed that Plaintiff was injured by Abilify®, a drug used to treat bipolar I disorder and schizophrenia, when it was administered to him by personnel Bergen Regional between April 15, 2005 and June 1, 2005.  (*See id.* at 6.)

    In addition to Plaintiff's claim in the directly underlying consolidated state court actions, Plaintiff also filed another action in the Law Division of the Superior Court in Bergen County in 2009 alleging injuries a later use of Abilify® in 2008, among other claims against a variety of defendants.[3]  (*See* Merin Certif., Ex. D: Tr. of Motion, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Jan. 8, 2010) ("Jan. 8, 2010 Tr.") 23:11-39:6.)  The complaint, which made similar claims against BMS and co-defendant Otsuka America Pharmaceutical, was dismissed with prejudice by the Honorable Mark M. Russello, J.S.C., as to both defendants.  (*See id.* at 23:11-39:6; Merin Certif., Ex. E: Order Dismissing Claims Against BMS, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Jan. 8, 2010); Ex. F: Order

---

[3] The transcript of the Court's decision dismissing Plaintiff's Complaint in BER-L-3935-09 is permissibly offered to allow the existence of the prior proceedings to be judicially noticed; the documents are not offered for truth of facts averred in those proceedings.  *See Southern Cross Overseas Agencies*, *supra*, 181 F.3d at 427; *see also id.* at n.7 (same).

6

Dismissing Claims Against Otsuka, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Jan. 8, 2010).)  As to BMS, the court explained that "Plaintiff's claims against the defendant, [BMS], are barred by the doctrines of res judicata and the entire controversy doctrine, they are time barred, they are legally insufficient and thus fail to state a claim upon which relief can be granted."  (*See* Merin Certif., Ex. D: Jan. 8, 2010 Tr. at 38:21-25.)  Plaintiff's appeal of this decision is fully briefed and pending.  (*See* Merin Certif., Ex. G: Notice of Appeal, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Oct. 12, 2010).)

In addition to the allegations asserting that BMS violated the NJPLA, Plaintiff's Complaint (and Amended Complaint) also generally allege a violation of Plaintiff's "individual and associational rights under the Fifth, Seventh, Eighth, and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983, 1985, and 1986."  (*See* Compl. ¶ 1.)  No further explanation is given.

## ARGUMENT

## I.   STANDARD OF REVIEW ON A MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1939, 1949 (2009); *McTernan*

7

*v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009).  The plausibility standard does not require a probability of recovery; instead, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal, supra*, 129 S. Ct. at 1949.

Two principles must be applied in reviewing a motion to dismiss.  First, while a court is obligated to accept all factual allegations within the complaint as true, this principle "is inapplicable to legal conclusions." *Ibid.*  As such, because a court is "not bound to accept as true a legal conclusion couched as a factual allegation," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50; *see also Adamson v. Ortho-McNeil Pharms., Inc.*, 463 F. Supp. 2d 496, 500 (D.N.J. 2006) ("when deciding a motion to dismiss, the Court need not credit a complaint's conclusory allegations, bald assertions, or legal conclusions masquerading as factual claims"). The second principle requires that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal, supra*, 129 S. Ct. at 1950.

Ascertaining whether a complaint meets this second principle requires a "context-specific" inquiry "that requires the reviewing court to draw on its judicial experience and common sense." *Ibid.* (citation omitted).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Ibid.* (quoting FED. R. CIV. P. 8(a)(2)).  As such, "a

8

court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ibid.* If a court deems the pleadings to be well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ibid.*

Additionally, in deciding a motion to dismiss, a Court's review is not limited solely to the documents attached to the complaint by plaintiffs. Review of "a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Courts are obligated to "consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007)). Thus, "a court may properly look at public records, including judicial proceedings" and "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Southern Cross Overseas Agencies, Inc.*, *supra*, 181 F.3d at 426. Thus, prior complaints and transcripts of

9

court decisions that establish the fact of and allegations within prior proceedings may be judicially noticed. *See id.* at 427; *see also id.* at n.7 (same).

## II. PLAINTIFF'S "CIVIL RIGHTS" PRODUCT LIABILITY ACT CLAIM IS AN ATTEMPT TO RE-LITIGATE CLAIMS BARRED BY *RES JUDICATA*, THE ENTIRE CONTROVERSY DOCTRINE, AND COLLATERAL ESTOPPEL DUE TO PLAINTIFF'S STATE COURT LITIGATION ALLEGING INJURY FROM THE SAME OCCURRENCE

Plaintiff's Complaint is barred by *res judicata*, the entire controversy doctrine, and collateral estoppel and therefore fails to state a claim upon which relief can be granted. It is an attempt to re-litigate claims against BMS that were dismissed with prejudice for failure to state a claim by the state trial court in a decision affirmed by the Appellate Division and that were again dismissed by another state trial court after being raised under a slightly different guise. The Complaint stems from the injury Plaintiff alleges to have suffered in April and May 2005 due to treatment with Abilify®. (*See* Am. Compl. ¶ 54.) This is identical to the underlying injury alleged in his state court complaints in the consolidated action at BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07, the dismissal of which was affirmed by the Appellate Division on

June 23, 2011 (which was after Plaintiff filed the Complaint here).[4]  (*See* Merin Certif., Ex. A: *June 23 App. Div. Op., supra*, at 6-7, 12.)

### A.     Plaintiff's Claims Against BMS Are Barred by *Res Judicata*

The decisions of the state trial and appellate courts create a bar to Plaintiff's Complaint due to *res judicata*.  As explained by the Third Circuit, *res judicata* bars both "claims that were brought in a previous action, [and] also claims that could have been brought."  *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted).  Thus, *res judicata* "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation."  *Ibid.*  Three circumstances must be

---

[4] While not discussed at length here, Plaintiff substantively fails to state a claim based on his 2005 treatment with Abilify®.  *See Iqbal*, *supra*, 129 S. Ct. at 1949. For the reasons set forth by the state courts, Plaintiff's claims against BMS alleging violation of the NJPLA are barred under New Jersey's two-year statute of limitations.  (*See* Merin Certif., Ex. A: *June 23 App. Div. Op.*, *supra*, at 6-7, 12; Ex. B: Jan. 23, 2010 Tr. 23-29.)  Plaintiff's attempt to plead a six-year statute of limitations in his Complaint does not change this, as the United States Supreme Court explained in *Owens v. Okure* that "the residual or general personal injury statute of limitations applies" to claims brought under 42 U.S.C. § 1983 "where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions."  *Owens v. Okure*, 488 U.S. 235, 236 (1989).  New Jersey's statute of limitations for personal injury actions is two years.  N.J.S.A. 2A:14-2.  Thus, the statute of limitations for Plaintiff's Section 1983 claims is two years.  *See Owens*, *supra*, 488 U.S. 236; N.J.S.A. 2A:14-2.  Similarly, to the extent Plaintiff is again alleging violation of the NJPLA based on his 2005 treatment with Abilify®, the Complaint fails to state a claim upon which relief can be granted based on the reasoning articulated by Judge Russello in his decision accompanying the Order dismissing Plaintiff's Complaint in his state court action alleging injury from a 2008 administration of Abilify®. (*See* Merin Certif., Ex. D: Jan. 8, 2010 Tr. 31-32, 37-38.)

11

present -- under both New Jersey and federal law -- for the application of *res judicata*:

> "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."

*In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted).  A dismissal based on the statute of limitations having run constitutes a final judgment on the merits for *res judicata* purposes.  *Cahn v. United States*, 269 F. Supp. 2d 537, 545 (D.N.J. 2003); *id.* at 545 n.4 (discussing a case a state court dismissed a plaintiff's first action as time-barred, and, in a subsequent suit, the federal court held that the state court judgment on the statute of limitations was *res judicata* as to federal court); *Watson v. Englewood Police Dep't*, No. 94-cv-3920, 1995 U.S. Dist. LEXIS 327, *3 (D.N.J. Jan. 12, 1995) (dismissing a claim based on *res judicata* due to two final judgments on the merits in previous suits, one of which was on statute of limitations grounds); *Atkinson v. Pittsgrove Township*, 193 N.J. Super. 23, 28 (Ch. Div. 1983) (citing *Mathis v. Laird*, 457 F.2d 926 (5th Cir. 1972) and stating that a dismissal based on the statute of limitations is a "judgment on the merits for *res judicata* purposes").

All of the circumstances required for *res judicata* are present here.  The dismissal of Plaintiff's claims stemming from the same underlying incident as alleged here on statute of limitations grounds in BER-L-1852-07, BER-L-1855-07,

BER-L-2935-07, and BER-L-8812-07, affirmed by the Appellate Division in A-2869-09, A-62-82-09, A-1924-10, constitutes a final judgment on the merits for *res judicata* purposes.  *See Cahn*, *supra*, 269 F. Supp. 2d at 545; *Watson, supra*, 1995 U.S. Dist. LEXIS 327, at \*3; *Atkinson, supra,* 193 N.J. Super. at 28; Merin Certif., Ex. A: *June 23 App. Div. Op.* 4-8, 12.  Thus, all of the circumstances necessary for application of *res judicata* are present: (1) the trial and appellate court decisions are final judgments on the merits (2) in cases involving the same parties, namely Plaintiff and BMS, and (3) the "subsequent suit is based on the same cause of action[,]" as Plaintiff's suit here is again based on his 2005 administration of Abilify® and again alleges violation of the NJPLA.  *See In re Mullarkey*, *supra*, 536 F.3d at 225; Merin Certif., Ex. A: *June 23 App. Div. Op.* 4-8; Ex. D: Jan. 8, 2010 Tr. 23-39.  Plaintiff's Complaint is therefore barred by the doctrine of *res judicata*.

### B.     Plaintiff's Claims Against BMS Are Barred by the Entire Controversy Doctrine

The entire controversy doctrine also bars Plaintiff's Complaint.  The doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party."  *See In re Mullarkey*, *supra*, 536 F.3d at 229 (quoting *Melikian v. Corradetti*, 791 F.2d 274, 279 (3d Cir. 1986) (citations omitted)).  The entire controversy doctrine prevents a party from withholding "part

13

of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action."  *Ibid.*

Here, based on the entire controversy doctrine, to the extent any of the claims asserted by Plaintiff are different from what he already asserted in the state court, he is barred from pursuing a new claim based on the same underlying exposure to Abilify®.  *See ibid.*  Under the Entire Controversy Doctrine, Plaintiff was obligated in the previous state court lawsuits -- to which BMS was a named defendant -- to raise any claims he had against BMS arising out of his treatment with Abilify®.  *See ibid.*  During the pendency of his previous lawsuits, Plaintiff never suggested that the alleged violation of the NJPLA by BMS related to his 2005 administration with Abilify® also cause him to suffer a violation of his civil rights.  (*See, e.g.*, Merin Certif., Ex. A: *June 23 App. Div. Op.* 4-8; Compl. ¶¶ 1, 2, 54.)  Plaintiff's new civil rights claims -- to the extent they are raised at all -- and any other claims related to his 2005 treatment with Abilify® are therefore barred by the entire controversy doctrine.

### C.    Plaintiff's Claims Against BMS Are Barred by Collateral Estoppel

Collateral estoppel bars a party from re-litigating any issue that "was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action."  *In re Mullarkey*, *supra*, 536 F.3d at 225 (quoting *Tarus v. Borough of Pine Hill*, 189 N.J. 497, 520 (2007)); *Cahn*, *supra*,

269 F. Supp. 2d at 545 (quoting *Bd. of Tr. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992), for the statement that "collateral estoppel, or issue preclusion: 'proscribes relitigation when the identical issue already has been fully litigated'").  Five elements must be shown by a party seeking collateral estoppel:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*In re Mullarkey*, *supra*, 536 F.3d at 225 (quoting *Twp. of Middletown v. Simon*, 193 N.J. 228, 236 (2008)).  Collateral estoppel only "precludes relitigation . . . of questions 'distinctly put in issue' and 'directly determined' adversely to the party against which the estoppel is asserted[.]"  *Ibid.*  Additionally, "issues actually litigated in state court are entitled to the same preclusive effect in a subsequent federal action as they would enjoy in the courts of the state where the determination was rendered."  *Cahn*, *supra*, 269 F. Supp. 2d at 545-56.

Here, to the extent Plaintiff is attempting to once again raise a claim of violation of the NJPLA based on his treatment with Abilify® from April to June 2005, collateral estoppel bars his claims.  *See In re Mullarkey*, *supra*, 536 F.3d at 225.  The first element required for collateral estoppel is met: in BER-L-1852-07,

15

BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07, affirmed on appeal in A-2869-09, A-62-82-09, A-1924-10, the state courts conclusively determined that Plaintiff's claims alleging violation of the NJPLA based on his 2005 treatment with Abilify® were time-barred. *See In re Mullarkey*, *supra*, 536 F.3d at 225; *see, e.g.*, Merin Certif., Ex. A: *June 23 App. Div. Op.* 12. Second, the statute of limitations was "actually litigated in the prior proceeding" through both briefing and oral argument. *See In re Mullarkey*, *supra*, 536 F.3d at 225; Merin Certif., Ex. A: *June 23 App. Div. Op.* 6-7, 12; Ex. D: Jan. 23, 2009 Tr. 23-29.) Third, the trial court issued a final judgment on the merits when it dismissed Plaintiff's claims as time-barred, and that decision was affirmed by the Appellate Division. *See In re Mullarkey*, *supra*, 536 F.3d at 225; *Watson*, *supra*, 1995 U.S. Dist. LEXIS 327, at *3 (dismissal on statute of limitations grounds is a final judgment on the merits); Merin Certif., Ex. A: *June 23 App. Div. Op.* 6-7, 12; Ex. C: Jan. 23, 2009 Order; *see also* Ex. D: Jan. 8, 2010 Tr. 23-39 (dismissing Plaintiff's suit alleging injury by Abilify® in 2008 as, among other deficiencies, time-barred). Fourth, the determination that Plaintiff's claim alleging injuries from his 2005 administration of Abilify® was time-barred "was essential to the prior judgment" dismissing Plaintiff's claims under the NJPLA. *See In re Mullarkey*, *supra*, 536 F.3d at 225; Merin Certif., Ex. A: *June 23 App. Div. Op.* 6-7, 12; Ex. B: Jan. 23, 2009 Tr. 23-29. Fifth, Plaintiff -- against whom BMS now asserts the doctrine of collateral

estoppel -- "was a party to . . . the earlier proceeding." *See In re Mullarkey*, *supra*, 536 F.3d at 225; Merin Certif., Ex. A: *June 23 App. Div. Op.* 6-7, 12; Ex. B: Jan. 23, 2009 Tr. 23-29; Ex. D: Jan. 8, 2010 Tr. 23-39. Thus, Plaintiff's NJPLA claim from his 2005 administration of Abilify® was "directly put in issue" and "directly determined" adverse to him in state court decisions based on the single ground of the statute of limitations. *See In re Mullarkey*, *supra*, 536 F.3d at 225; *Cahn*, *supra*, 269 F. Supp. 2d at 545-56; Merin Certif., Ex. A: *June 23 App. Div. Op.* 6-7, 12; Ex. B: Jan. 23, 2009 Tr. 23-29; Ex. D: Jan. 8, 2010 Tr. 23-39. Collateral estoppel therefore bars Plaintiff's claims alleging violation of the NJPLA.

## III. TO THE EXTENT THE COMPLAINT ALLEGES THAT BMS VIOLATED 42 U.S.C. §§ 1983, 1985, AND/OR 1986, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

It is unclear whether the Complaint alleges that BMS violated 42 U.S.C. §§ 1983, 1985, or 1986. Due to the Complaint's wholesale absence of factual matter supporting these claims (if they are, in fact, made), the Complaint fails to state a claim upon which relief can be granted for violation of 42 U.S.C. §§ 1983, 1985, or 1986.

### A. Plaintiff's Claims Alleging Violation of 42 U.S.C. §§ 1983, 1985, and/or 1986 Are Insufficiently Plead

The first paragraph of the Complaint alleges violation of Plaintiff's "individual and associational rights under the Fifth, Seventh, Eighth, and

17

Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C.

1983, 1985, and 1986."  (See Compl. ¶ 1.)  The sole count of the Complaint against

BMS, however, only alleges -- in its caption -- that it is a "civil rights action via

denial of rights by Bristol Myers Squibb[.]"  (*See* Compl. at 23 (caption to

paragraph 54).)  The allegation within the Complaint against BMS does not allege

any specific civil rights violation or any factual matter that indicates an allegation

of a civil rights violation.  (*See* Compl. ¶ 54.)  Specifically, paragraph 54 of the

Complaint alleges,

> Via a callous and deliberate disregard for the provisions
> of the Products Liability Act of New Jersey the
> defendant, Bristol Myers Squibb did release the product
> Abilify that the plaintiff had forced upon him in April
> and May of 2005.

(*Ibid.*)

Even accepting all of the allegations as true, the Complaint does not contain

sufficient facts to state a plausible (or any) claim that BMS violated 42 U.S.C.

1983, 1985, and/or 1986.  *See Iqbal*, *supra*, 129 S. Ct. at 1949; *McTernan*, *supra*,

564 F.3d at 646.  Moreover, as courts are "not bound to accept as true a legal

conclusion couched as a factual allegation" and "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice[,]" the Complaint's mere general statement that Plaintiff's rights under the

"Fifth, Seventh, Eighth, and Fourteenth Amendment to the United States

Constitution" were violated "in violation of 42 U.S.C. 1983, 1985, and 1986" is insufficient to state a claim as the statement does not identify the conduct attributed to BMS in violation of those statutes. *See Iqbal*, *supra*, 129 S. Ct. at 1949-50; *Adamson*, *supra*, 463 F. Supp. 2d at 500. Here, the facts as pled are no more than conclusions -- they allege misconduct but never show it. *See Iqbal*, *supra*, 129 S. Ct. at 1950. They are, therefore "not entitled to the assumption of truth." *See ibid*. In short, as the Complaint lacks any factual content that would permit "the court to draw the reasonable inference that the defendant is liable for" a violation of 42 U.S.C. 1983, 1985, and/or 1986, dismissal of those claims -- to the extent they are alleged -- is required. *See Iqbal*, *supra*, 129 S. Ct. at 1949; *McTernan*, *supra*, 564 F.3d at 646.

### B.     BMS Is Not A State Actor, So Section 1983 Claims -- To The Extent They Are Alleged -- Fail to State A Claim

To the extent Plaintiff alleges a claim under 42 U.S.C. § 1983 against BMS, the Complaint substantively fails to state a claim upon which relief can be granted, as BMS is not a state actor. "Section 1983 . . . provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting 42 U.S.C. § 1983). Section 1983, however, provides no remedy against alleged violations of the Fourteenth

19

Amendment by *private* actors. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974). As explained by the Supreme Court this definition of "state actor" excludes as private actors, including, among others, regulated businesses:

> [d]octors, optometrists, lawyers, [defendant utility company], and [plaintiff in another case's] upstate New York grocery selling a quart of milk are all in regulated businesses, providing arguably essential goods and services, "affected with a public interest." We do not believe that such a status converts their every action, absent more, into that of the State.

*Id.* at 354. A treatise on Section 1983 further explains this principle:

> State action exists (1) where the state and the private party or entity maintain a sufficiently interdependent or symbiotic relationship; (2) where the state requires, encourages, or is otherwise significantly involved in nominally private conduct; and (3) where the private person or entity exercises a traditional state function.

Sheldon H. Nahmod, *Civil Rights & Civil Liberties Litigation: The Law of Section 1983* §2.4 at 2-13 (4th Ed. 2010) (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961); *Lombard v. State of La.*, 373 U.S. 267 (1963); *Marsh v. State of Ala.*, 326 U.S. 501 (1946); *Smith v. Allwright*, 321 U.S. 649 (1944)). BMS is therefore an independent private actor against which Section 1983 provides no remedy. *See Jackson*, 419 U.S. at 349. Any claims under this statute -- to the extent they were pled at all -- should therefore be dismissed. *See Iqbal*, *supra*, 129 S. Ct. at 1949-50.

## C.    Section 1985 Is Inapplicable to BMS

Section 1985 of Title 42 of the United States Code addresses conspiracy to interfere with civil rights.  Plaintiff has not alleged any facts -- nor could he -- that would support a claim for violation of this statute.

Plaintiff has not pled any facts alleging a violation of subsection one of Section 1985.  Subsection one of Section 1985 permits an action to be brought by a person injured as a result of "two or more persons . . . conspire[ing] to prevent, by force, intimidation, or threat" an officer from performing his required duties.  42 U.S.C. § 1985(1).  Here, Plaintiff has not alleged (1) who BMS allegedly conspired with or (2) any "force, intimidation, or threat" or (3) any conspiracy to prevent an officer from performing his or her required duties.  *See ibid.*; Compl. ¶ 54.

Similarly, Plaintiff has not alleged any facts to support the existence of a violation of subsection two of Section 1985.  Subsection two of Section 1985 creates a cause of action only in the following situation:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or

21

> more persons conspire for the purpose of impeding,
> hindering, obstructing, or defeating, in any manner, the
> due course of justice in any State or Territory, with intent
> to deny to any citizen the equal protection of the laws, or
> to injure him or his property for lawfully enforcing, or
> attempting to enforce, the right of any person, or class of
> persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2).  Again, Plaintiff has not alleged (1) who BMS allegedly conspired with or (2) any "force, intimidation, or threat[.]"  *See ibid.*; Compl. ¶ 54. Plaintiff has also not alleged that BMS has in any way conspired to tamper with witnesses or juries, conspired to "hinder[], obstruct[], or defeat[] . . . the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws," or conspired to injure any person for attempting to enforce the right of any person or class of people to the equal protection of the laws.  *See* 42 U.S.C. § 1985(2); Compl. ¶ 54.

Plaintiff has similarly not pled a violation of the third and final subsection of Section 1985.  Subsection three "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).  To state a claim under 42 U.S.C. 1985(3), a plaintiff must allege,

> (1) a conspiracy; (2) for the purpose of depriving, either
> directly or indirectly, any person or class of persons of
> the equal protection of the laws, or of equal privileges
> and immunities under the laws; and (3) an act in

22

> furtherance of the conspiracy; (4) whereby a person is
> injured in his person or property or deprived of any right
> or privilege of a citizen of the United States.

*Id.* Subsection three does not "provide a federal remedy for 'all tortious, conspiratorial interferences with the rights of others,'" and is therefore not a 'general federal tort law.'" *Id.* at 135. Instead, violation of subsection three requires an "intent to deprive of equal protection, or equal privileges and immunities"; therefore, in order to state a claim, "a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action[.]'" *Ibid.* Here, in addition to failing to allege the existence of a conspiracy and the other individual elements of a subsection three violation set out in *Farber*, the Complaint does not allege any "racial, or [] otherwise class-based, invidiously discriminatory animus behind the conspirators' action[.]" *See id.* at 134-135.

In sum, Plaintiff has failed to state a claim under any of the subsections of 42 U.S.C. § 1985. Any claims alleging that BMS violated this statute should therefore be dismissed. *See Iqbal*, *supra*, 129 S. Ct. at 1949-50.

### D.   Section 1986 is Inapplicable to BMS

Section 1986 of Title 42 of the United States Code permits an action against any person who has knowledge of an impending violation of Section 1985 and the

23

power to prevent that violation but fails to act.  42 U.S.C. § 1986.  Section 1986

provides,

> Every person who, having knowledge that any of the
> wrongs conspired to be done, and mentioned in section
> 1985 of this title, are about to be committed, and having
> power to prevent or aid in preventing the commission of
> the same, neglects or refuses so to do, ***if such wrongful
> act be committed***, shall be liable to the party injured, or
> his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence
> could have prevented[.]

42 U.S.C. § 1986 (emphasis added).  Thus, a claim under Section 1986 is

contingent on the occurrence of a violation of Section 1985.  *Ibid.*  As Plaintiff has

failed to plead sufficient facts to establish any violation of Section 1985, he cannot

state a claim under Section 1986.  *See ibid.*, *See Iqbal*, *supra*, 129 S. Ct. at 1949-

50.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Bristol-Myers Squibb Company respectfully requests that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
   Bristol-Myers Squibb Company


By:   *s/David R. Kott*
      David R. Kott
      A Member of the Firm

Dated:  July 15, 2011

25