# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

PHILIP E. HAHN,

               Plaintiff,

v.

THE STATE OF NEW JERSEY; *et al.*

               Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 11-cv-1874 (ES)(PS)
Honorable Esther Salas, U.S.D.J.
Honorable Patty Shwartz, U.S.M.J.

---

## BRIEF IN SUPPORT OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

---

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
  Bristol-Myers Squibb Company

Of Counsel,
    David R. Kott
On the Brief,
    David R. Kott
    Sara F. Merin

ME1 11889393v.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................... 3

    A.    The Underlying State Court Action at BER-L-1852-07,
            BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07 ................... 5

         1.    The First Two Complaints Against BMS (in BER-L-
               1855-07) ........................................................................ 5

         2.    The Third Complaint Against BMS (BER-L-8812-07)............. 6

         3.    The Fourth Re-pleading: Amendment of BER-L-8812-07........ 7

         4.    The Fifth and Final Amended Complaint .................................. 8

         5.    Actions by Plaintiff After Dismissal, Including Appeal............ 9

    B.    Plaintiff's Second Action Against BMS -- Filed Shortly
            After Reconsideration of the Dismissal of the First Action
            Against BMS Was Denied --Alleging Injury from
            Abilify® During 2008 ........................................................................ 11

    C.    Measures Taken by the State Trial Court to Restrain Plaintiff's
            Filings ...................................................................................................... 13

    D.    Chart of Major Dates and Events Discussed Above .......................... 14

ARGUMENT

PLAINTIFF'S CLAIMS AGAINST BMS ARE FRIVOLOUS AND ARE
ART OF A PATTERN OF HARASSMENT, WARRANTING RULE 11
SANCTIONS ...................................................................................................... 15

    A.    Legal Standard for Rule 11 Sanctions................................................. 16

ME1 11889393v.1

B.    Plaintiff's "Civil Rights" Product Liability Act Claim Violates Rule 11 As It Attempts to Re-Litigate Claims Barred By Res Judicata and the Entire Controversy Doctrine Due to Plaintiff's State Court Litigation Alleging Injury From the Same Occurrence ........................................................................ 21

CONCLUSION ............................................................................................. 28

ME1 11889393v.1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brill v. Guardian Life Ins. Co. of Am.,*
    142 N.J. 520 (1995)................................................................ 11

*Chipps v. U.S.D.C. for the M.D. of Pa.,*
    882 F.2d 72 (3d Cir. 1989)...................................................... 18, 19

*Ford Motor Co. v. Summit Motor Prod., Inc.,*
    930 F.2d 277 (3d Cir. 1991).................................................... 17

*Hahn v. Bergen Reg'l Med. Ctr.,*
    A-2869-09, A-6282-09, A-1924-10
    (N.J. Super. App. Div. June 23, 2011) (slip op.) .................. 4, 10, 15, 21, 22, 23

*Huertas v. Transunion, LLC,*
    No. 08-cv-244, 2010 U.S. Dist. LEXIS 133036 (D.N.J. Dec. 16, 2010) .......... 17

*Lai v. District V-C Ethics Committee,*
    No. 06-2661, 2006 U.S. Dist. LEXIS 89300 (D.N.J. Dec. 11, 2006) ... 20, 21, 27

*Lai v. Wei,*
    331 Fed. App'x 143 (3d Cir. 2009)............................................ 18, 19

*In re Mullarkey,*
    536 F.3d 215 (3d Cir. 2008)..................................................... 22, 23

*Prudential Property & Casualty Insurance Co. v. Boylan,*
    307 N.J. Super. 162 (App. Div.), *certif. denied*, 154 N.J. 608 (1998)............... 11

*Talley v. City of Atlantic City,*
    No. 04-cv-1146, 2007 U.S. Dist. LEXIS 49486
    (D.N.J. July 10, 2007)............................................................ 17, 19, 20, 26, 27

## OTHER AUTHORITIES

FED. R. CIV. P. 11 .................................................................... *passim*

ME1 11889393v.1

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Defendant Bristol-Myers Squibb Company (improperly named as Bristol Myers Squibb) seeking Rule 11 sanctions for Plaintiff Philip E. Hahn's frivolous Complaint. In this action, Plaintiff is seeking a percentage of $20 million in damages from Bristol-Myers Squibb Company ("BMS"). He alleges that BMS committed a civil rights violation by allegedly disregarding the New Jersey Products Liability Act ("NJPLA") by releasing Abilify®, an FDA-approved anti-psychotic medication with which Plaintiff was treated in 2005. As set forth below, Plaintiff is attempting to re-litigate his state court case and the relief sought is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

This action -- as it relates to BMS -- is an attempt at a second bite at the apple by Plaintiff. The relief sought by Plaintiff is related to an action at docket number BER-L-1852-07, which is the consolidation of five separate complaints (four of which named BMS as a defendant) stemming from Plaintiff's treatment with Abilify®, an anti-psychotic medication, at Bergen Regional Medical Center in 2005.[1] The state court complaints against BMS were dismissed on the pleadings

---

[1] Of the underlying actions mentioned in Plaintiff's Complaint, BMS is only involved in BER-L-1852-07 and the related consolidated docket numbers, which,

for failure to state a claim upon which relief can be granted due to the claims being raised outside of the applicable statute of limitations. The dismissal was affirmed by the Appellate Division of the New Jersey Superior Court on June 23, 2011. Plaintiff's claim here, while captioned as a "Civil Rights Action Via Denial of Rights by Bristol Myers Squibb[,]" is based on the same exact underlying incident as his state court claims at BER-L-1852-07, etc., and is thus -- in addition to being meritless -- barred by *res judicata* and the entire controversy doctrine.

The claims are also filed in this Court, as they -- under any estimation -- would not have been permitted to be filed in the Superior Court in Bergen County. Following a motion by BMS in response the extensive filings by Plaintiff in this and another case stemming from a second course of treatment with Abilify® in 2008, the Assignment Judge in Bergen County ordered that all new complaints by Plaintiff against BMS be reviewed by the Assignment Judge and be barred from filing where repetitive.

In response to Plaintiff's frivolous Complaint here and to deter repetition of his conduct to date, BMS seeks an order enjoining Plaintiff from filing similar Complaints in this Court against BMS related to his treatment with Abilify® without obtaining prior leave of court. As set forth below, BMS's motion for Rule 11 sanctions should be granted.

---

while not mentioned in the Complaint, are BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint claims that BMS "release[d] the product Abilify that the plaintiff had forced upon him in April and May of 2005" "[v]ia a callous and deliberate disregard for the provisions of the Product Liability Act of New Jersey[.]" (Complaint, *Hahn v. New Jersey*, No. 11-cv-1874 [document 1] ("Compl.").) This is the ***fifth*** Complaint against BMS stemming from Plaintiff's treatment with Abilify®, an anti-psychotic medication, in April and May 2005. (*See* Certification of Sara F. Merin in Support of the McCarter Defendants' Motion for Rule 11 Sanctions ("Merin Certif."), Ex. A: Final Am. Compl., *Hahn v. Bergen Reg'l Med. Ctr., et al.,* BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07 (N.J. Super. Law Div. Nov. 19, 2008) ("Nov. 19, 2008 Final Am. Compl."); Compl. ¶ 54.) Each of the previous Complaints also claimed that Plaintiff was injured by Abilify®, a drug used to treat bipolar I disorder and schizophrenia, when it was administered to him by personnel Bergen Regional between April 15, 2005 and June 1, 2005. (*See* Merin Certif., Ex. B: Am. Compl., *Hahn v. John Doe, et al.,* BER-L-1855-07 (N.J. Super. Law Div. Aug. 14, 2007) ("Aug. 14, 2007 Compl."); Ex. C: Compl., *Hahn v. Dr. Cuculic,* BER-L-8812-07 (N.J. Super. Law Div. Nov. 30, 2007) ("Nov. 30, 2007 Am. Compl."); Ex. D: Letter from P. Hahn to Court Clerk, Bergen County Superior Court, *Hahn v. Dr.*

*Cuculic*, BER-L-8812-07 (N.J. Super. Law Div. July 18, 2008) ("July 18, 2008

Letter Compl."); Ex. A: Nov. 19, 2008 Final Am. Compl.)

BMS first became aware of Plaintiff's claims against it after being served

with an August 14, 2007 Amended Complaint at docket number BER-L-1855-07

in which Plaintiff alleged injuries from treatment with Abilify® over two years

earlier on April 24, 2005. (*See* Merin Certif., Ex. B: Aug. 14, 2007 Am. Compl.)

This Complaint was the first of four filed by Plaintiff at docket numbers BER-L-

1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07, all alleging

injury during the same time period at Bergen Regional, each of which was

amended at least once, and which were all eventually -- following active case

management -- consolidated into a single matter by the court. (*See* Merin Certif.,

Ex. B: Aug. 14, 2007 Compl.; Ex. C: Nov. 30, 2007 Am. Compl.; Ex. D: July 18,

2008 Letter Compl.; Ex. A: Nov. 19, 2008 Final Am. Compl.) The court then

dismissed the claims on statute of limitations grounds in a decision affirmed by the

Appellate Division.[2] (*See* Merin Certif., Ex. BB: *Hahn v. Bergen Reg'l Med. Ctr.*,

Nos. A-2869-09, A-6282-09, & A-1924-10, (N.J. Super. App. Div. Jun. 23, 2011)

(slip op.) ("June 23 App. Div. Op.").) The procedural history and facts of the

genesis of the Complaint here and a related case still pending in state court in

---

[2] This is one of ten Appellate Division opinions in cases filed and appealed by
Plaintiff dating from May 2008 to the present. (See Merin Certif. ¶ 33.)

which Plaintiff alleged injury from a later administration of Abilify® are set out below.

**A.    The Underlying State Court Action at BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07**

**1.    The First Two Complaints Against BMS (in BER-L-1855-07)**

The August 14, 2007 Amended Complaint was the first time either BMS or fictitious defendants were named as Defendants or that Abilify® was mentioned.[3] In that Complaint, Plaintiff sued John Doe, Bergen Regional, Dr. Cuculic, and BMS alleging that, on April 24, 2005, the Defendants "failed to notify plaintiff of seriousness of eye injury causing loss of vision and negligently medicated." (Merin Certif., Ex. B: Aug. 14, 2007 Compl. 3)  Plaintiff also claimed that, as a result of the Defendants' alleged acts, his "vision was lost in right eye" and he "suffered side effects of Abilify." (Merin Certif., Ex. B: Aug. 14, 2007 Compl. 3.)

BMS moved to dismiss this Complaint for failure to state a claim upon which relief can be granted on the basis that Plaintiff's claims with respect to his

---

[3] BMS was not named in either of the initial Complaints at BER-L-1852-07 or BER-L-1855-07 -- the only cases that predated the August 14, 2007 Amended Complaint -- nor did those Complaints allege any injury from Abilify® or name any fictitious defendants.  (*See* Merin Certif., Ex. G: *Hahn v. Bergen Reg'l Med. Ctr.*, No. BER-L-1852-07 (Mar. 12, 2007) (alleging that Plaintiff was misdiagnosed by the hospital and incurred unnecessary medical bills that forced him into bankruptcy); Ex. H: *Hahn v. Bergen Reg'l Med. Ctr.*, No. BER-L-1855-07 (Mar. 12, 2007) (alleging that Plaintiff was not informed of the seriousness of his eye injury, a detached retina, and, as a result, Plaintiff delayed seeking treatment resulting in lost vision in his right eye).

-5-

alleged eye injury were time-barred under the two-year statute of limitations governing personal injury claims. (*See* Merin Certif., Ex. F: Tr. of Hearing, *Hahn v. Bergen Reg'l Med. Ctr.*, BER-L-1855-07 (Nov. 16, 2007) ("Nov. 16, 2007 Tr.") at 1-14.) After finding the claims ambiguous, the court granted the motion and dismissed Plaintiff's claims against BMS without prejudice and without costs to give Plaintiff the opportunity to re-plead. (*See id.* at 12:1-14:4; Merin Certif., Ex. I: Order Dismissing Pl.'s Compl. Without Prejudice, *Hahn v. John Doe*, BER-L-1855-07 (Nov. 16, 2007) ("Nov. 16, 2007 Order").)

## 2.   The Third Complaint Against BMS (BER-L-8812-07)

In lieu of re-pleading, Plaintiff filed a new complaint on November 30, 2007. This complaint was assigned the docket number BER-L-8812-07 against BMS, John Doe, Dr. Cucilic, and Bergen Regional claiming that between April 15 and May 30, 2005, "Plaintiff was improperly treated with Abilify® supplied by Bristol Myers Squibb. Bristol Myers Squibb failed to warn to Plaintiff of the side effects of Abilify® and possible drug-drug interactions. An error of informed consent occurred." (*See* Merin Certif., Ex. C: Nov. 30, 2007 Compl.) The November 30, 2007 Complaint further alleged that

> 1. Plaintiff suffered side effects of Abilify®
>
> 2. Plaintiff was forced into bankruptcy by cost of medication
>
> 3. Plaintiff suffered brain damage.

ME1 11889393v.1

(*Ibid.*)  BMS moved to dismiss the November 30, 2007 Complaint for failure to state a claim upon which relief can be granted, and, following oral argument, the Complaint was again dismissed without prejudice.  (*See* Merin Certif., Ex. J: Order Dismissing Pl.'s Compl. Without Prejudice, BER-L-8812-07 (July 18, 2008).)

### 3.    The Fourth Re-pleading: Amendment of BER-L-8812-07

Following entry of the July 18, 2008 Order, Plaintiff amended the November 30, 2007 Complaint by way of a letter to the Clerk.  (*See* Merin Certif., Ex. D: July 18, 2008 Letter Compl.)  In complete contradiction to a previous unambiguous admission that Abilify® played no role in his alleged 2005 eye injury (*see* Merin Certif., Ex. F: Nov. 16, 2007 Tr. at 10:15-19, 11:22-25), Plaintiff's July 18, 2008 Amended Complaint alleged that his "retinal detachment in April 15, 2005 - June 1, 2005 was aggravated by the administration of Abilify."  (*See* Merin Certif., Ex. D: July 18, 2008 Letter Compl.)  He alleged that (1) his injury was the result of BMS' alleged failure to warn the treating staff at Bergen Regional of "Abilify's tendency to cause retinal degeneration in laboratory rats"; (2) his retinal detachment was aggravated by BMS' failure "to provide a copy of the current federally approved [Abilify®] warning" to the Bergen Regional treating team; and (3) Abilify®'s warning was inadequate, reasoning that an adequate warning would have caused his prescriber of Abilify® to stop prescribing the medication upon becoming aware of Plaintiff's detached retina on April 23, 2005.  (*Ibid.*)

In response, BMS filed its third motion to dismiss for failure to state a claim upon which relief can be granted. (*See* Merin Certif., Ex. K: Order Denying BMS's Motion to Dismiss Without Prejudice as Premature, BER-L-8812-07 (Nov. 20, 2008) ("Nov. 20, 2008 Order").) Before deciding BMS's motion, however, on November 19, 2008, the court entered a Case Management Order giving Plaintiff an extension of time to file a final amended complaint in each of his actions within twenty days and consolidating all of the actions for discovery purposes. (*See* Merin Certif., Ex. L: Case Management Order, BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, & BER-L-8812-07 (Nov. 19, 2008) ("Nov. 19, 2008 CMO").) As a result, on November 20, 2008, the Court denied BMS' motion to dismiss Plaintiff's Amended Complaint, without prejudice, as premature. (*See* Merin Certif., Ex. K: Nov. 20, 2008 Order.)

### 4.   The Fifth and Final Amended Complaint

While BMS was not served with any amended complaint in the time provided by the Case Management Order, the McCarter Defendants were informed by Judge De La Cruz's law clerk on December 17, 2008 that a "Notice of Motion" attached to Plaintiff's October 31, 2008 letter to Robert Logan, Esq., was being construed as the final amended complaint. (*See* Merin Certif., Ex. M: Certif. of Nace Naumoski, Esq. (Dec. 24, 2008) at 2; Merin Certif., Ex. A: Final Am. Compl.) The claims against BMS contained in this Final Amended Complaint

-8-

mirrored those found in Plaintiff's July 18, 2008 Amended Complaint, with the addition of a claim that "[t]he warning given by Bristol Myers Squibb via the mass media was inadequate as it failed to inform the plaintiff of Abilify's tendency to cause retinal degeneration in laboratory albino rats." (*See* Merin Certif., Ex. A: Final Am. Compl.)

BMS once again promptly moved to dismiss for failure to state a claim. (*See* Merin Certif., Ex. N: Order Dismissing Pl.'s Compl. with Prejudice and without Costs (Jan. 23, 2009) ("Jan. 23, 2009 Order").) Following oral argument on January 23, 2009, the Court recounted the extensive procedural history in this matter and dismissed Plaintiff's claims for failure to file within the statute of limitations. (*See id*; Merin Certif., Ex. O: Tr. of Motion, *Hahn v. Bergen Reg'l Med. Ctr.*, BER-L-1852-07 (Jan. 23, 2009) ("Jan. 23, 2009 Tr.") 1-29.) The Court also found that, while mooted by the statute of limitations determination, Plaintiff's failure to warn claims would likely have independently failed. (*See* Merin Certif., Ex. O: Jan 23, 2009 Tr. at 28:19-25; *see* Ex. N: Jan. 23, 2009 Order.)

### 5. Actions by Plaintiff After Dismissal, Including Appeal

Plaintiff moved for reconsideration of Judge De La Cruz's January 23, 2009 decision, and his motion was denied on March 30, 2009. (*See* Merin Certif., Ex. P: Order Denying Motion for Reconsideration, with attached rider, *Hahn v. Bristol Myers Squibb*, BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, & BER-L-

ME1 11889393v.1

8812-07 (Mar. 30, 2009).) Litigation proceeded against other Defendants, and the final order dismissing the case in its entirety was entered on January 7, 2010. (*See* Merin Certif., Ex. Q: Order Granting Summary Judgment (Jan. 7, 2010).) Plaintiff then, on February 5, 2010, filed a motion for reconsideration of the Court's January 2009 denial of a *Lopez* hearing as related to his dismissed claims against BMS and Otsuka America Pharmaceuticals ("Otsuka"); that motion was denied on March 22, 2010. (*See* Merin Certif., Ex. R: Order Denying Pl.'s Feb. 5, 2010 Motion for Reconsideration.) Prior to the denial of his second motion for reconsideration, Plaintiff filed a Notice of Appeal of the entire action on February 22, 2010. (*See* Merin Certif., Ex. S: Notice of Appeal.) In his appellate brief, in addition to the issues raised before the Law Division in his Complaints, Plaintiff raised a design defect claim for the first time and also alleged that counsel for BMS committed "fraud on the court" by including a copy of Abilify®'s FDA-approved package insert with BMS's motion to dismiss. (*See* Merin Certif., Ex. E: Pl's App. Br. at 76, 89.) On June 23, 2011, the Appellate Division affirmed the trial court's dismissal of Plaintiff's Complaint as to BMS, finding that the Complaint was filed outside of the time permitted under the applicable statute of limitations. (*See* Merin Certif., Ex. CC: June 23 App. Div. Op.)

In response to the Court's decision, Plaintiff submitted a letter to the Appellate Division explaining that he plans to move for reconsideration of its

ME1 11889393v.1

decision, plans to file for certification of the decision to the Supreme Court, and

plans to amend his Complaint in the action with this Court to "include the parties

that have again denied me my trial by jury in violation of Title 42 section 1983[.]"

(*See* Merin Certif., Ex. DD: Letter from Philip Hahn to Superior Court of New

Jersey, Appellate Division (June 28, 2011) ("June 28, 2011 Letter").)  In this letter,

which he closed by stating, "I appreciate the opportunity for some more billable

hours[,]" Plaintiff also stated that the two seminal New Jersey cases addressing

summary judgment, *Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520 (1995)

and *Prudential Property & Casualty Insurance Co. v. Boylan*, 307 N.J. Super. 162

(App. Div.), *certif. denied*, 154 N.J. 608 (1998), are in error.  (*See id.*)

**B.    Plaintiff's Second Action Against BMS -- Filed Shortly After Reconsideration of the Dismissal of the First Action Against BMS Was Denied --Alleging Injury from Abilify® During 2008**

Despite the dismissals of his prior complaints, Mr. Hahn filed another

Complaint with this Court on April 28, 2009, once again alleging similar injuries

from the alleged use of Abilify® (among other claims against a variety of

defendants).  (*See* Merin Certif, Ex. T: April 28, 2009 Compl., *Hahn v. Johnson &*

*Johnson, Inc.*, BER-L-3935-09 at No. 10 (claim against BMS).)  In Mr. Hahn's

April 2009 Complaint, he once again claimed that Abilify® lacked an adequate

warning.  (*Ibid.*)  Additionally, he added the vague new claim that "Abilify is a

defective product."  (*Ibid.*)  BMS moved to dismiss the Complaint, the Honorable

Mark M. Russello, J.S.C., heard oral argument on BMS's motion and a corollary

motion to dismiss by co-Defendant Otsuka on January 8, 2010, and Judge Russello

then dismissed the claims against both defendants with prejudice.  (*See* Merin

Certif., Ex. U: Tr. of Motion, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09

(Jan. 8, 2010) ("Jan. 8, 2010 Tr.") 1-39; Ex. V: Order Dismissing Claims Against

BMS, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Jan. 8, 2010); Ex. W:

Order Dismissing Claims Against Otsuka, *Hahn v. Johnson & Johnson, Inc.*, BER-

L-3935-09 (Jan. 8, 2010).)  Judge Russello explained that

> Plaintiff's claims against the defendant, Bristol-Myers
> Squibb, are barred by the doctrines of res judicata and the
> entire controversy doctrine, they are time barred, they are
> legally insufficient and thus fail to state a claim upon
> which relief can be granted.

(Merin Certif., Ex. U: Jan. 8, 2010 Tr. 38:21-25.)

Before Plaintiff received notice of the Judge Russello's dismissal of the case

docketed at BER-L-3935-09,  Plaintiff sent BMS a notice of motion to amend the

complaint to add additional claims regarding his treatment with Abilify®, dated

January 13, 2010; this motion was denied on February 5, 2010.  (*See* Merin Certif.,

Ex. X: Order, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Feb. 5, 2010).)

Plaintiff then moved to reinstate his claims against BMS and Otsuka by motion

dated July 19, 2010, which was also denied.  (*See* Merin Certif., Ex. Y Order and

Attached Opinion, *Hahn v. Johnson & Johnson, Inc.*, BER-L-3935-09 (Aug. 6,

2010).)  Following final judgment on the claims against the remaining defendants,

Plaintiff filed an appeal of the entire action at BER-L-3935-09 October 12, 2010.

(*See* Merin Certif., Ex. Z Notice of Appeal, *Hahn v. Johnson & Johnson, Inc.*,

BER-L-3935-09 (Oct. 12, 2010).)  This appeal is presently pending.

**C.     Measures Taken by the State Trial Court to Restrain Plaintiff's Filings**

        In March 2010, following the dismissal of all of Plaintiffs' actions against

BMS by the Superior Court in Bergen County and continued motion practice by

Plaintiff, BMS moved for an Order to limit Plaintiff's filings.  (*See* Merin Certif.,

Ex. AA: Order, *Hahn v. Bergen Reg'l Med. Ctr., et al.*, Docket Nos. BER-L-1852-

07, BER-L-1855-07, BER-L-2935-07, BER-L-8812-07, & BER-L-3935-09 (Mar.

9, 2010) ("Mar. 9, 2010 Sanctions Order").)  The Court granted this motion in part,

requiring that all new Complaints by Plaintiff be reviewed by the Assignment

Judge and be barred from filing where repetitive and/or barred by the doctrines of

*res judicata* or collateral estoppel.  (*See id.*; *see also* Ex. BB: Rider to Mar. 9, 2010

Sanctions Order at 7.)  The court explained that "[t]here is no indication [Plaintiff]

will stop filing complaints and motions, and while he will be permitted to file a

non-redundant valid claim, he is not entitled to trivialize valuable resources by

filing frivolous motions and/or frivolous new complaints."  (*See* Merin Certif., Ex.

BB: Rider to Mar. 9, 2010 Sanctions Order at 6.)

**D.    Chart of Major Dates and Events Discussed Above**

For clarity, the chart below sets out a streamlined version of the major

events in Plaintiffs' cases against BMS and the McCarter Defendants.

| EVENT | DATE |
|---|---|
| Plaintiff's first alleged injury from Abilify® | April - June 2005 |
| First complaint against BMS alleging injury from 2005 administration of Abilify® filed (and another served but not filed) (BER-L-1855-07) | August 2007 |
| Dismissal without prejudice of first complaint (BER-L-1855-07) | November 2007 |
| Third complaint against BMS filed (BER-L-8812-07) | November 2007 |
| Plaintiff's second alleged injury from Abilify® | March 2008 |
| Dismissal without prejudice of the third complaint against BMS (BER-L-8812-07) | July 2008 |
| Fourth re-pleading of claims against BMS (amendment of the complaint at BER-L-8812-07) | July 2008 |
| Case Management Order Consolidating Plaintiff's Actions (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) | November 2008 |
| Motion to Dismiss Amended Complaint at BER-L-8812-07 denied as premature due to Case management Order | November 2008 |
| Final Amended Complaint in the Consolidated Action Filed (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) | November 2008 |
| Dismissal of Claims Against BMS in the Consolidated Action by Judge De La Cruz (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) | January 2009 |
| Denial of Plaintiff's Motion for Reconsideration of dismissal of Claims against BMS (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) | March 2009 |
| Second action against BMS alleging injury from 2008 administration of Abilify® filed (BER-L-3935-09) | April 2009 |
| Dismissal of the Entirety of the Consolidated Action (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) | January 2010 |
| Dismissal of Claims Against BMS in the Second Action Judge Russello (BER-L-3935-09) | January 2010 |

| | |
|---|---|
| Appeal of the Consolidated Action against BMS (BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07) Filed (Appellate Docket No. A-2869-09) | February 2010 |
| Sanctions Motion Filed in Bergen County Seeking an Injunction Against Plaintiff's Filings (Docket Nos. BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, BER-L-8812-07, and BER-L-3935-09) | January 2010 |
| Sanctions Motion Granted in Part by Judge Doyne Requiring All New Complaints by Plaintiff Be Reviewed by the Assignment Judge and Barred Where Repetitive (Docket Nos. BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, BER-L-8812-07, and BER-L-3935-09) | March 2010 |
| Appeal of the Second Action against BMS (BER-L-3935-09) Filed (Appellate Docket No. A-738-10) | October 2010 |
| Federal Court Action, *Hahn v. New Jersey, et al.* Filed (11-cv-1874) | April 2011 |
| Appellate Division Affirms Trial Court Dismissal of the Claims in Plaintiff's First Complaint Against BMS (from the 2005 Abilify® administration) (*Hahn v. Bergen Reg'l Med. Ctr.*, A-2869-09, A-6282-09, A-1924-10 (App. Div. June 23, 2011) | June 2011 |

(*See* Merin Certif., Exs. A, B, C, D, F, G, H, J, K, L, N, P, Q, S, T, V, Z, AA, CC.)

## ARGUMENT

## PLAINTIFF'S CLAIMS AGAINST BMS ARE FRIVOLOUS AND ARE PART OF A PATTERN OF HARASSMENT, WARRANTING RULE 11 SANCTIONS

Plaintiff's Complaint is an attempt to re-litigate claims against BMS that

were dismissed with prejudice for failure to state a claim by the trial court in a

decision affirmed by the Appellate Division and were again dismissed by another

trial court after being raised under a slightly different guise.  Plaintiff -- through

briefing, oral argument, and court decisions -- is or should be aware of the present

-15-

disposition of his numerous filings, the concept of *res judicata*, and that his ability

to file frivolous pleadings against BMS has been curbed by the state trial court.  No

reasonable person could believe, under these circumstances, that Plaintiff's

Complaint was presented for a proper purpose and that the claims are warranted by

law.

## A.   Legal Standard for Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure requires that an attorney or

an unrepresented party who files a pleading "certif[y] that to the best of . . . the

person's knowledge, information, and belief, formed after an inquiry reasonable

under the circumstances" that the pleading

> (1) . . . is not being presented for any improper purpose,
> such as to harass, cause unnecessary delay, or needlessly
> increase the cost of litigation;
>
> (2) the claims, defenses and other legal contentions are
> warranted by existing law or by a nonfrivolous argument
> for extending, modifying, or reversing existing law or for
> establishing new law;
>
> (3) the factual contentions have evidentiary support, or, if
> specifically so identified, will likely have evidentiary
> support after a reasonable opportunity for further
> investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the
> evidence[.]"

FED. R. CIV. P. 11(b).

MEI 11889393v.1

"*Pro se* litigants are not immune from [Rule 11] sanctions." *Huertas v. Transunion, LLC*, No. 08-cv-244, 2010 U.S. Dist. LEXIS 133036, *7 (D.N.J. Dec. 16, 2010) (citing *Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 152 (D.N.J. 1989), *aff'd*, 898 F.2d 839 (3d Cir. 1990)).  They are, however, held to a different standard than attorneys in recognition that, as a layman, a *pro se* litigant is not expected to realize that a legal position is meritless as quickly as a lawyer is expected to come to the same conclusion.[4]  *Talley v. City of Atlantic City*, No. 04-cv-1146, 2007 U.S. Dist. LEXIS 49486, *12 (D.N.J. July 10, 2007) (citing *Bacon v. AFSCME Council*, 795 F.2d 33, 34-35 (7th Cir. 1986)).  Thus, when sanctions are sought against a *pro se* litigant, "the court must require the movant to demonstrate, under all the circumstances, that no reasonable person could have believed that the pleading was presented for a proper purpose and that the claims are warranted by existing law or a non-frivolous argument to extend, modify or reverse existing law." *Id.* at *14.  The court explained that this standard exists, because

> [] there comes a point when repeated efforts to revive a
> hopeless case, after repeated rejections painstakingly

---

[4] In evaluating attorneys' conduct that is alleged to violate Rule 11, the legal standard within the Third Circuit is " reasonableness under the circumstances[,]" which is defined as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).  Applying this standard, courts ordinarily only prescribe sanctions "in the 'exceptional circumstance' where a claim or motion is patently unmeritous or frivolous." *Ibid.*

ME1 11889393v.1

> explained by the court, must be understood and accepted
> by any reasonable person, because "when a layman
> persists in a hopeless cause long after it should have been
> clear to him, as a reasonable (though not law-trained)
> person, that his cause was indeed hopeless sanctions
> should be imposed."

*Id.* at *13 (citing *Bacon, supra*, 795 F.2d at 35).

Once a court finds that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). Among other things, "[t]he sanction may include nonmonetary directives . . ., or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4). Filing injunctions are a permissible nonmonetary directive within the Third Circuit, as long as the vexatious litigant is afforded "prior notice and some occasion to respond[.]" *Lai v. Wei*, 331 Fed. App'x 143, 145 (3d Cir. 2009) (holding, "[t]he District Court properly ordered the Clerk not to accept any future filings from Lai without permission from the Court"); *see also Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) ("[t]here can be no doubt that Chipps' series of lawsuits, assessed in light of his announced plans to file still more suits, fully supported the District Court's conclusion that some restriction on Chipps' litigating opportunities was required"). A notice of motion and the opportunity to respond to such a motion satisfies this

-18-

requirement. *See Lai, supra*, 331 Fed. App'x at 145 (citing *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987)); *Chipps, supra*, 882 F.2d at 73 (same).

For example, *Talley, supra*, was a lawsuit stemming from Plaintiff's termination as a firefighter after testing positive on a random drug test for cocaine, being reinstated, and then being fired again after again testing positive for cocaine. *See Talley, supra*, 2007 U.S. Dist. LEXIS 49486, *1-*2. Plaintiff instituted two actions in state court, actively litigated those matters, and, after all avenues for relief were terminated following the dismissal of his petition for certification to the state Supreme Court for lack of prosecution, filed suit in the District of New Jersey. *Id.* at *2-*3. Plaintiff then amended his complaint, alleging state law claims and unspecified Fourth Amendment violations, Defendants filed a motion to dismiss that went unopposed. *Id.* at *3. The amended complaint was dismissed. *Id.* at *3. Plaintiff then filed a series of motions, including a motion for reconsideration and a motion for sanctions, all of which were opposed by Defendants, and Defendants also filed a motion for sanctions. *Id.* at *3-*4. The court denied all of the motions, but stated that Defendants made a "strong argument" for sanctions and cautioned Plaintiff that further frivolous motions could result in sanctions. *Id.* at *4-*5. Following an unsuccessful appeal, further frivolous motions followed. *Id.* at 5. As a result, the court imposed sanctions

Plaintiff, explaining that it "surmise no reasonable explanation for Plaintiff bringing this motion other than to harass Defendants and prolong this litigation." *See Talley, supra*, 2007 U.S. Dist. LEXIS 49486, *14. The court further explained that "the underlying claim has been rejected in two courts -- Superior Court and this Court -- and there is no prospect that Plaintiff's claim has suddenly blossomed nine years after his termination for repeated cocaine abuse." *Id.* at *15. The court also supported its decision by stating that Plaintiff ignored its cautionary advice and continued to file frivolous motions. *Id.* at *15-*16.

Similarly, sanctions were imposed against a *pro se* Plaintiff who had declared bankruptcy *pro se*, and subsequently sued the trustee in state court. *See Lai v. District V-C Ethics Committee*, No. 06-2661, 2006 U.S. Dist. LEXIS 89300, *2-*3 (D.N.J. Dec. 11, 2006). The state court action was removed to the bankruptcy court, and the bankruptcy court dismissed the action, explaining that a party is barred from suing a court-appointed bankruptcy trustee without leave of court. *Id.* at *3. The bankruptcy court also filed a permanent injunction prohibiting Plaintiff from suing the trustee or others related to the case. *Id.* at *4. The order was affirmed when Plaintiff appealed to the District Court. *Id.* at *5. Plaintiff then filed a new suit in federal court generally alleging "Civil Rights Damages" against the court-appointed trustee relating to the bankruptcy and against the V-C Ethics Committee for failing to sanction the trustee. *Id.* at *4-*5.

-20-

Defendants moved to dismiss and the defendant trustee moved for sanctions. *Id.* at *5-*6. The court granted defendants' motions, and, in granting the sanctions motion for sanctions, the court found that Plaintiff was aware of the bankruptcy court's prior orders, including the permanent injunction, and that the complaint was without any valid support. *Id.* at *11.

**B.  Plaintiff's "Civil Rights" Product Liability Act Claim Violates Rule 11 As It Attempts to Re-Litigate Claims Barred By *Res Judicata* and the Entire Controversy Doctrine Due to Plaintiff's State Court Litigation Alleging Injury From the Same Occurrence**

Plaintiff's Complaint before this Court warrants sanctions, as Plaintiff is pursing claims against BMS that were dismissed by a state trial court and, at the time he filed the Complaint with this Court, were the subject of an on-going (but now decided) appeal. Plaintiff's Complaint stems from the injury he alleges to have suffered in April and May 2005 due to treatment with Abilify®. (*See* Compl. ¶ 54.) This is identical to the underlying injury alleged in his state court complaints at BER-L-1852-07, BER-L-1855-07, BER-L-2935-07, and BER-L-8812-07, the dismissal of which was affirmed by the Appellate Division on June 23, 2011 (which was after Plaintiff filed the Complaint here). (*See* Merin Certif., Ex. A: Nov. 19, 2008 Final Am. Compl. at 9; Ex. CC: June 23 App. Div. Op.) Plaintiff's Complaint is therefore barred by *res judicata* and the entire controversy doctrine -- and, based on, at a minimum, prior decisions of the state courts -- Plaintiff is aware of each of these concepts and how they preclude his claims.

ME1 11889393v.1

Plaintiff's Complaint is barred by *res judicata*. As explained by the Third Circuit,

> The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought. It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."

*In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted). Here, addressing the first prong of the standard for *res judicata*, Plaintiff is aware that a final judgment on the merits existed in his prior suit, and this is confirmed by his filing a Notice of Appeal of that decision (*see ibid.*; *see also* Merin Certif., Ex. S: Notice of Appeal (noting that the entire judgment is being appealed).) The second element of the standard is also met, as both the Complaint here and the state court litigation under the trial court docket numbers beginning with BER-L-1852-07 were brought by Plaintiff and include claims against BMS. *See In re Mullarkey*, *supra*, 536 F.3d at 225; *see, e.g.,* Merin Certif., Ex. CC: June 23 App. Div. Op. 4, 6. The third element of this standard is met as well, as Plaintiff's Complaint here, like his Complaints in the consolidated state court action, stems from his treatment

-22-

with Abilify® from April 15 to June 1, 2005. *See In re Mullarkey, supra,* 536 F.3d at 225; *see, e.g.,* Merin Certif., Ex. CC: June 23 App. Div. Op. 4-5.

The entire controversy doctrine also bars Plaintiff's Complaint. The doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." *See In re Mullarkey, supra,* 536 F.3d at 229 (quoting *Melikian v. Corradetti,* 791 F.2d 274, 279 (3d Cir. 1986) (citations omitted)). The entire controversy doctrine prevents a party from withholding "part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *Ibid.* Here, based on the entire controversy doctrine, to the extent any of the claims asserted by Plaintiff are different from what he already asserted in the state court, he is barred from pursuing a new claim based on the same underlying exposure to Abilify®. *See ibid.*

Plaintiff is or should be aware that his claims are repetitive, as the concepts of *res judicata* and the entire controversy doctrine were explained in court decisions in his actions against BMS in addition to having been briefed by the defendants. Plaintiff's attempt at pleading a six year statute of limitations does not change this fact. (*See* Compl. ¶ 56.) Moreover, Plaintiff is -- or should be -- aware that his present Complaint, if it had been filed in the Bergen Vicinage of the

-23-

Superior Court, would have been screened by the Assignment Judge and rejected

for being repetitive of his previous claims. (*See* Merin Certif., Ex. AA: Mar. 9,

2010 Sanctions Order.)

Plaintiff is already aware of the concept of *res judicata*, as *res judicata*

formed part of the grounds for the Superior Court's dismissal of his Complaint in

BER-L-3935-09. (*See* Merin Certif., Ex. U: Jan. 8, 2010 Tr. 24-39.) As explained

by Judge Russello in the opinion that accompanied the dismissal of the Complaint

in BER-L-3935-09 as to BMS and Otsuka,

> [w]hen a valid and final judgment extinguishes a
> subsequent claim, the claim extinguished includes all
> rights of the plaintiff to remedies against the defendant
> with respect to all or any part of the transaction or series
> of connected transactions out of which the action arose.

(*See id.* at 25:1-7.) Similarly, in the Rider to the Order requiring that all of

Plaintiff's new complaints against BMS must be submitted to the Assignment

Judge in Bergen County and will be barred from filing if repetitive of the

dismissed complaints, the Honorable Peter E. Doyne, A.J.S.C., explained that "it is

appropriate to enjoin litigation when claims are precluded by the doctrines of *res*

*judicata* and collateral estoppel[.]" (*See* Merin Certif., Ex. BB: Rider to Mar. 9,

2010 Sanctions Order 5; Ex. AA: Mar. 9, 2010 Sanctions Order.) Applying this

principle, the court found that

> . . . Mr. Hahn seems likely to continue filing complaints
> and motions based upon his treatment at Bergen

-24-

Regional.  Despite Judge De La Cruz determining there are no disputed facts and Hahn has had ample opportunity to argue before the court, Hahn continues to file repetitive motions as recently as January 13, 2010. There is no indication he will stop filing complaints and motions, and while he will be permitted to file a non-redundant valid claim, he is not entitled to trivialize valuable resources by filing frivolous motions and/or frivolous complaints.

The numerous complaints filed by Hahn have been dismissed, with prejudice and without appeal.  By way of prior rulings, he is barred by the principles of res judicata and collateral estoppel from continuing to file claims based on the same allegations.  Defendant's motion does not seek to bar Hahn from filing all litigation, but rather for the Assignment Judge to review new complaints and request for amendments to ensure they are not frivolous and to save valuable time and resources which should not be spent defending repetitive and futile claims.

(*See* Merin Certif., Ex. BB: Rider to Mar. 9, 2010 Sanctions Order 6 (footnote and citation omitted).)

Similarly, Judge Russello explained the concept of the entire controversy doctrine as part of the reason for his decision dismissing the claims against BMS in BER-L-3935-09.  (*See* Merin Certif., Ex. U: Jan. 8, 2010 Tr. 38:21-25 (noting "Plaintiff's claims against the defendant, Bristol-Myers Squibb, are barred by the doctrines of res judicata and the entire controversy doctrine, they are time barred, they are legally insufficient and thus fail to state a claim upon which relief can be granted.")  He stated,

-25-

> [t]he entire controversy doctrine requires parties to a controversy before a court to assert all claims known to them that stem from the same transactional facts.
>
> The purpose of the doctrine is to require parties in a single litigation to conclusively dispose of their respective bundles of rights and liabilities which derive from a single transaction or related series of transactions.
>
> Here, as he did in the prior suit, Mr. Hahn asserts the same injury from the same drug, from the same condition or I should say for the same condition and against the same party.
>
> Thus, his two courses of treatment with Abilify in April and May, 2005 and then again in March, 2008 belong to a related series of transactions with interrelated facts that are aspects of a single larger controversy to which the entire controversy doctrine applies and requires conclusive disposition in a single litigation.

(*Id.* at 29:25-30:19; *see also id.* at 37:3-10.)

Due to these clear explanations by the state courts matched with the appeal that was pending when this Complaint was filed, the Complaint at hand is a case in point of a "layman persist[ing] in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless . . . ." *See Talley*, *supra*, 2007 U.S. Dist. LEXIS 49486, *13. Thus, while the prior Orders rejecting Plaintiff's legal positions and putting Plaintiff on notice regarding his frivolous filings came from the state court, those Orders put him on notice that he could not proceed in filing new complaints based on the same underlying incident, and that -- at least in state court -- his behavior in

-26-

filing such complaints was sufficiently egregious to warrant sanctions. Like in *Talley, supra,* Plaintiff fully litigated this matter in state court and "there is no prospect that Plaintiff's claim has suddenly blossomed" almost six years after his alleged injury by Abilify® and following the underlying claim's rejection by the trial court -- and now, its rejection by the Appellate Division. *See Talley, supra,* 2007 U.S. Dist. LEXIS 49486, *15. Much like the court in *Talley* concluded, here, the only reasonable explanation for Plaintiff's claim is to "harass [BMS] and prolong this litigation." *See id.* at *14. This is also similar to the situation in *Lai, supra,* where Plaintiff filed a complaint without any valid support despite prior orders of the court permanently enjoining filings without the court's permission. *See Lai, supra,* 2006 U.S. Dist. LEXIS 89300, *2-*3.

Thus, under these circumstances, the elevated standard for imposing sanctions that is afforded to *pro se* litigants applies, as "no reasonable person could have believed that the pleading was presented for a proper purpose and that the claims are warranted by existing law or a non-frivolous argument to extend, modify or reverse existing law." *See Talley, supra,* 2007 U.S. Dist. LEXIS 49486, *14. In short, Plaintiff's claims are frivolous and are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* FED. R. CIV. P. 11(b). Federal Rule of Civil Procedure 11 sanctions are therefore appropriate.

## CONCLUSION

For the foregoing reasons, Defendant Bristol-Myers Squibb Company respectfully request that this Court order Rule 11 Sanctions in the form of (1) an injunction barring Plaintiff from filing any further Complaints against Defendant Bristol-Myers Squibb Company without first obtaining leave of court and (2) any and all other relief that this Court deems appropriate.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
    Bristol-Myers Squibb Company


By:    *s/David R. Kott*
        David R. Kott
        A Member of the Firm

Dated:  July 1, 2011

ME1 11889393v.1