AMENDMENT TO FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42
U.S.C. SECTION 1983, 1985 AND 1986 (ADDITIONAL CAUSES OF
ACTION AND PARTIES)

CASE NO.  2:11-cv-1874

PHILIP E. HAHN [Pro Se]

Plaintiff

Vs.

THE STATE OF NEW JERSEY,

THE SUPREME COURT OF NEW JERSEY,
HONORABLE STUART RABNER,
HONORABLE VIRGINIA LONG,
HONORABLE JAYNEE LAVECCHIA,
HONORABLE BARRY ALBIN,
HONORABLE JOHN WALLACE,
HONORABLE ROBERTO RIVERA-SOTO,
HONORABLE HELEN HOENS,
HONORABLE ANNE M. PATTERSON
HONORABLE DOROTHEA O'C WEFING

THE BERGEN SUPERIOR COURT,

The Honorable Rosa
The Honorable Deavila-Silebi

Defendants

RECEIVED

FEB 1 4 2012

AT 8:30_____M
WILLIAM T. WALSH, CLERK

Philip Hahn
Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C.
SECTION 1983, 1985 AND 1986

CASE NO.  2:11-cv-1874

**GIBLIN & GIBLIN,**
Brian Giblin

**KREBSBACH & SNYDER**
Barry Gold

**THE PARAMUS POLICE DEPARTMENT**
Lt. Steinberg
Patrolman Orlendorf
Patrolman Schaffer

HONORALBE MECCA

Defendants

Philip Hahn
Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

P8003226169x6391@aol.com Call or email

**DEFENDANT'S INFORMATION**

1. The defendant herein, the State of New Jersey, has a principal place of business in Trenton, New Jersey;

2. The defendant herein, the Supreme Court of State of New Jersey, has a principal place of business in Trenton, New Jersey;

3. The defendant herein, The Bergen County Superior Court of New Jersey has a principal place of business in Hackensack, New Jersey.

4. The defendant herein, Stuart Rabner has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

5. The defendant herein, Virginia Long has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

6. The defendant herein, Jaynee La Vecchia has a principal place of business at the North Tower, Suite 1101, 158 Headquarters Plaza, Morristown, New Jersey.

7. The defendant herein, Barry Albin has a principal place of business at 50 Division Street, Suite 201, Somerville, New Jersey.

8. The defendant herein, John Wallace has a principal place of business at 6 N. Broad Street, Suite 200, Woodbury, New Jersey.

9. The defendant herein, Roberto Rivera-Soto has a principal place of business at the Ferry Terminal Bldg., Suite 330, Two Aquarium Drive, Camden, New Jersey.

10. The defendant herein, Helen Hoens has a principal place of business at 92E. Main Street, Suite 404, Somerville, New Jersey.

11. The defendant the Honorable Rosa has a principal place of business in the Bergen County Court House, Hackensack, New Jersey.

12.    The   defendant   herein,   the   Honorable   **Liliana   S.
**Deavila-Silebi** has a principal place of business in the
Bergen County Court House, Hackensack, New Jersey.**

13.    The defendant herein, Giblin & Giblin, has a principal
place of business located at 2 Forest Avenue, Suite 200,
Oradell, NJ 07649;

14.    The defendant herein, Brian Giblin, has a principal
place of business located at Giblin & Giblin, 2 Forest
Avenue, Suite 200, Oradell, NJ 07649;

15.    The defendant herein, Krebsbach & Snyder, has a
principal place of business located at One Exchange
Plaza, 55 Broadway, Suite 1600, New York, NY 10006;

16.    The defendant herein, Barry Gold has a principal place
of business located at Krebsbach & Snyder, One Exchange
Plaza, 55 Broadway, Suite 1600, New York, NY 10006.

17.    The defendant herein, the Honorable Mecca, has a
principal place of business located at 1 Jockish Square,
Paramus, New Jersey.

18.    The defendant herein, Lt. Steinberg, has a principal
place of business located at 7 Jockish Square, Paramus, New
Jersey.

19.    The defendant herein, Patrolman Orlendorf, has a
principal place of business located at 7 Jockish Square,
Paramus, New Jersey.

20.    The defendant herein, Patrolman Schaffer, has a
principal place of business located at 7 Jockish Square,
Paramus, New Jersey.

CIVIL RIGHTS COMPLAINT

1. This is a civil rights complaint for declaratory,
   injunctive, legal and other appropriate relief brought by
   Plaintiff, Philip E. Hahn, a United States citizen,
   appearing pro se. Mr. Hahn brings this complaint for
   violations of his individual and associational rights under
   the Fifth, Seventh, Eighth and Fourteenth Amendments to the
   United States Constitution in violation of title 42 U.S.C.
   sections 1983, 1985 and 1986.

2. This court has jurisdiction pursuant to title 42 U.S.C.
   1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986.

3. The actions are transactionally linked via the ongoing
   conspiracy by the named parties to deny the plaintiff his
   right to trial by jury.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL PROCEDINGS ASSOCIATED WITH ACTION PLED VIA DC-20415-11, BER-DC-8320-10, DC-27071-09, and BER-DC-35414-09.**

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE COURTS OF NEW JERSEY**

1. **Via the persistent maladministration of the judges named herein and all of the lawyers named herein the members of the Supreme Court of New Jersey did deny the plaintiff his right to trial by jury.**

2. The defendant, the State of New Jersey did deny the plaintiff his civil rights via the maladministration of the events of the Supreme Court of New Jersey as the members of the Supreme Court of New Jersey adopted and followed the rules of the courts of New Jersey.

3. The defendant, the Supreme Court of New Jersey did deny the plaintiff his civil rights via the maladministration of the affairs of the Supreme Court of New Jersey as the rules of the court of New Jersey prevented the plaintiff from exercising his right to trial by jury.

4. The defendant, the Bergen County Superior Court, did become liable via a Title 42 U.S.C. sections 1983, 1985 and 1986 civil rights action when the employee the Honorable Rosa did deny the plaintiff his right to a trial by jury as guaranteed by the United States Constitution in the matters of BER-DC-27071-09 and BER-DC-20415-11. This was a result of a persistent maladministration of the court via the adoption of the rules of the courts of New Jersey.

5. The defendant, the Bergen County Superior Court, did become liable via a Title 42 U.S.C. sections 1983, 1985 and 1986 civil rights action when the employee the Honorable Deavila-Silebi did deny the plaintiff his right to a trial by jury as guaranteed by the United States Constitution in the matters of BER-DC-27071-09, BER-DC-20415-11, BER-and DC-35414-09. This was a result of a persistent maladministration of the court via the adoption of the rules of the courts of New Jersey.

P8003226169x6391@aol.com Call or email

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE SUPREME COURT OF NEW JERSEY

6. The defendant, Stuart Rabner did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

7. The defendant, Stuart Rabner, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

8. The defendant, Virginia Long did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

9. The defendant, Virginia Long, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

10.   The defendant, Jaynee Lavecchia did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

11.   The defendant, Jaynee Lavecchia, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

12.   The defendant, Barry Albin did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

13.    The defendant, Barry Albin, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

14.    The defendant, John Wallace did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

15.    The defendant, John Wallace, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

16.    The defendant, Roberto Rivera-Soto did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

17.    The defendant, Roberto Rivera-Soto, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

18.    The defendant, Helen Hoens did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

19.    The defendant, Helen Hoens, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

20.    The defendant, Anne M. Patterson did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

21.    The defendant, Anne M. Patterson, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

P8003226169x6391@aol.com Call or email

22.     The defendant, Dorothea O'C Wefing did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey as all judges named herein were unaware that the plaintiff was due a properly demanded jury trial.

23.     The defendant, Dorothea O'C Wefing, did deny the plaintiff his right to trial by jury by adopting the rules of the courts of the State of New Jersey.

**CIVIL RIGHTS ACTION VIA THE RIGHTS DENIED IN ACTION ORIGINALLY PLED VIA BER-DC-27071-09**

24.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-27071-09 in violation of his oath of office per N.J.S.A. 41:1-1.

25.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

26.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

27.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.6:5-3 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

28.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of BER-DC-27071-09 per R. 4:5-2 of the Rules of the Courts of New Jersey.

29.    The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed to direct that a jury
trial commence in the matter of BER-DC-27071-09.

30.    The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed honor his oath of office
via Article VI clause 3 when he failed to direct that a
jury trial commence in the matter of BER-DC-27071-09.

31.    The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
deprived the plaintiff of his filing fee in action BER-DC-
27071-09 without due process of law in violation of the 5th
amendment to the United States Constitution.

32.    The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
deprived the plaintiff of his filing fee in action BER-DC-
27071-09 without due process of law and allowed said fee to
be used for public use without just compensation in
violation of the 5th amendment to the United States
Constitution.

33.    The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
dismissed action BER-DC-27071-09 in an effort to punish
plaintiff in violation of the 8th amendment to the United
States Constitution.

34.    The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,

Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-DC-27071-09 without due process of law in violation of the 14th amendment to the United States Constitution.

35.     The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

**CIVIL RIGHTS ACTION VIA THE RIGHTS DENIED IN ACTION
ORIGINALLY PLED VIA BER-DC-35414-09**

36.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when he did deny the plaintiff his
right to a trial by jury as guaranteed by the 7th amendment
to the United States Constitution via the violation of
Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42
U.S.C. 1986 when she failed to direct that a jury trial
commence in the matter of BER-DC-35414-09 in violation of
her oath of office per N.J.S.A. 41:1-1.

37.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when he did deny the plaintiff his
right to a trial by jury as guaranteed by the 7th amendment
to the United States Constitution via the violation of
Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42
U.S.C. 1986 when She failed to direct that a jury trial
commence in the matter of BER-DC-35414-09.

38.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when he did deny the plaintiff his
right to a trial by jury as guaranteed by Article 1
Paragraph 9 of the New Jersey Constitution via the
violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and
Title 42 U.S.C. 1986 when she failed to direct that a jury
trial commence in the matter of BER-DC-35414-09.

39.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when he did deny the plaintiff his
right to a trial by jury as was the custom via the Rules of
the Court of New Jersey R.4:35-1 via the violation of Title
42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C.
1986 when she failed to direct that a jury trial commence
in the matter of BER-DC-35414-09.

40.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when he did deny the plaintiff his
right to a trial by jury with regard unliquidated damages
via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C.
1985 and Title 42 U.S.C. 1986 when she failed to direct
that a jury trial commence with regard to determination of
unliquidated damages in the matter of BER-DC-35414-09.

41.    The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-DC-35414-09.

42.    The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of BER-DC-35414-09.

43.    The defendant the Honorable Deavila-Silebi did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action BER-DC-35414-09 without due process of law in violation of the 5th amendment to the United States Constitution.

44.    The defendant the Honorable Deavila-Silebi did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action BER-DC-35414-09 without due process of law and allowed said fee to be used for public use without just compensation in violation of the 5th amendment to the United States Constitution.

45.    The defendant the Honorable Deavila-Silebi did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action BER-DC-35414-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

P8003226169x6391@aol.com Call or email

46.     The defendant the Honorable Deavila-Silebi did become
        liable to the plaintiff via the violation of Title 42
        U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
        when she deprived the plaintiff of his filing fee in action
        BER-DC-35414-09 without due process of law in violation of
        the 14th amendment to the United States Constitution.

47.     The defendant the Honorable Deavila-Silebi did become
        liable to the plaintiff when she did deny the plaintiff his
        right to a trial by jury as guaranteed by the 14th amendment
        to the United States Constitution via the violation of
        Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42
        U.S.C. 1986 via the provisions of Article VI Clause 2. of
        the United States Constitution when he failed to direct
        that a jury trial commence in the matter of BER-DC-35414-
        09.

www.MYNOISYPLANET.com/PHILHAHN

## CIVIL RIGHTS ACTION VIA THE RIGHTS DENIED IN ACTION ORIGINALLY PLED VIA BER-8320-10

48.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-8320-10 in violation of his oath of office per N.J.S.A. 41:1-1.

49.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-8320-10.

50.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-8320-10.

51.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-8320-10.\

52.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-8320-10 as per the case law established by *500*

*Columbia Turnpike Associates v. Haselmann*, 275 N.J. Super. 166 (App. Div. 1994)

53.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of BER-8320-10 per R. 4:5-2 of the Rules of the Courts of New Jersey.

54.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-8320-10.

55.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of BER-8320-10.

56.    The defendant the Honorable Rosa did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-8320-10 without due process of law in violation of the 5th amendment to the United States Constitution.

57.    The defendant the Honorable Rosa did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-8320-10 without due process of law and allowed said fee to be used for public use without just compensation in

violation of the 5th amendment to the United States Constitution.

58.    The defendant the Honorable Rosa did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action BER-8320-10 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

59.    The defendant the Honorable Rosa did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-8320-10 without due process of law in violation of the 14th amendment to the United States Constitution.

60.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-8320-10.

**CIVIL RIGHTS ACTION VIA THE RIGHTS DENIED IN ACTION ORIGINALLY PLED VIA BER-DC-27071-09**

61.     The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of BER-DC-27071-09 in violation of her oath of office per N.J.S.A. 41:1-1.

62.     The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

63.     The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

64.     The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.6:5-3 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

65.     The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of BER-DC-27071-09.

66.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when she did deny the plaintiff his
right to a trial by jury as guaranteed by the 7th amendment
to the United States Constitution via the violation of
Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42
U.S.C. 1986 via the provisions of Article VI Clause 2. of
the United States Constitution when she failed to direct
that a jury trial commence in the matter of BER-DC-27071-
09.

67.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff when she did deny the plaintiff his
right to a trial by jury as guaranteed by the 7th amendment
to the United States Constitution via the violation of
Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42
U.S.C. 1986 via the provisions of Article VI Clause 2. of
the United States Constitution when she failed honor his
oath of office via Article VI clause 3 when he failed to
direct that a jury trial commence in the matter of BER-DC-
27071-09.

68.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when she deprived the plaintiff of his filing fee in action
BER-DC-27071-09 without due process of law in violation of
the 5th amendment to the United States Constitution.

69.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when she deprived the plaintiff of his filing fee in action
BER-DC-27071-09 without due process of law and allowed said
fee to be used for public use without just compensation in
violation of the 5th amendment to the United States
Constitution.

70.    The defendant the Honorable Deavila-Silebi did become
liable to the plaintiff via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when she dismissed action BER-DC-27071-09 in an effort to
punish plaintiff in violation of the 8th amendment to the
United States Constitution.

P8003226169x6391@aol.com Call or email

71.   The defendant the Honorable Deavila-Silebi did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action BER-DC-27071-09 without due process of law in violation of the 14th amendment to the United States Constitution.

72.   The defendant the Honorable Deavila-Silebi did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of BER-DC-27071-09.

**CIVIL RIGHTS ACTION VIA THE RIGHTS DENIED IN ACTION ORIGINALLY PLED VIA BER-DC-20415-11**

73.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-20415-11 in violation of his oath of office per N.J.S.A. 41:1-1.

74.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-20415-11.

75.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-20415-11.

76.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-20415-11.

77.    The defendant the Honorable Rosa did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-20415-11 as per the case law established by *500*

*Columbia Turnpike Associates v. Haselmann*, 275 N.J. Super.
166 (App. Div. 1994)

78.     The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury with regard unliquidated damages via the
violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and
Title 42 U.S.C. 1986 when he failed to direct that a jury
trial commence with regard to determination of unliquidated
damages in the matter of BER-DC-20415-11 per R. 4:5-2 of
the Rules of the Courts of New Jersey.

79.     The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed to direct that a jury
trial commence in the matter of BER-DC-20415-11.

80.     The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed honor his oath of office
via Article VI clause 3 when he failed to direct that a
jury trial commence in the matter of BER-DC-20415-11.

81.     The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
deprived the plaintiff of his filing fee in action BER-DC-
20415-11 without due process of law in violation of the 5th
amendment to the United States Constitution.

82.     The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
deprived the plaintiff of his filing fee in action BER-DC-
20415-11 without due process of law and allowed said fee to
be used for public use without just compensation in

violation of the 5th amendment to the United States
Constitution.

83.   The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
dismissed action BER-DC-20415-11 in an effort to punish
plaintiff in violation of the 8th amendment to the United
States Constitution.

84.   The defendant the Honorable Rosa did become liable to
the plaintiff via the violation of Title 42 U.S.C. 1983,
Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
deprived the plaintiff of his filing fee in action BER-DC-
20415-11 without due process of law in violation of the 14th
amendment to the United States Constitution.

85.   The defendant the Honorable Rosa did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 14th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed to direct that a jury
trial commence in the matter of BER-DC-20415-11.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE PARAMUS POLICE DEPARTMENT**

1. The defendant herein, the **PARAMUS POLICE DEPARTMENT** did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when one of the department's employees did falsely imprison the plaintiff on June 20, 2009.  Via the **POLICE DEPARTMENT'S** failure to properly train the offending officers, the **BOROUGH OF PARAMUS** denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on June 20, 2009.

2. The defendant herein, the **BOROUGH OF PARAMUS**, did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when a member of the Paramus Police Department did falsely imprison the plaintiff on June 20, 2009. Via the **BOROUGH OF PARAMUS'** failure to properly train the offending officers the **BOROUGH OF PARAMUS** denied the plaintiff the customary properly trained police officers with regard to knowledge of the law.

3. The defendant herein, the **BOROUGH OF PARAMUS**, did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when a member of the **PARAMUS POLICE DEPARTMENT** did falsely imprison the plaintiff on June 20, 2009 as punishment in violation of his Constitutional rights as established by the 8th amendment to the United States Constitution.

4. The defendant herein, the **PARAMUS POLICE DEPARTMENT**, did become liable via title 42 U.S.C. section 1983 when the plaintiff was given the bail of 'no contacts' in violation the statutory law of the N.J.S.A.

5. The defendant herein, the honorable Mecca, did become liable via title U.S.C. section 1983 when he did deny the plaintiff his liberty when the plaintiff was sentenced in the absence of jurisdiction in the matter decided September 2, 2009.

6. The defendant herein, patrolman Schaffer, did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when he falsely imprison the plaintiff on June 20, 2009.

7. The defendant herein, patrolman Orlendorf, did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when he did falsely imprison the plaintiff on June 20, 2009.

8. The defendant herein, Lt. Steinberg, did become liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 civil rights action when she did falsely imprison the plaintiff on June 20, 2009.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF Krebsbach & Snyder**

9. Krebsbach & Snyder did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-DC-35414-09. It is customary to have competent attorneys argue on the floor of the Bergen Superior Court.

10.    The defendant Barry Gold did become liable to the plaintiff when he conspired with the members of the NASD and NYSE to deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of BER-DC-35414-09 in violation of his oath of office per N.J.S.A. 2A:13-1.

11.    Barry Gold did have BER-DC-35414-09 stayed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF GIBLIN & GIBLIN**

86.     **GIBLIN & GIBLIN** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-DC-8320-10. It is customary to argue on the floor of the Appellate Court of New Jersey via the use of factual arguments and not the use of fraud.

87.     The defendant the **Mr. Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-DC-8320-10in violation of his oath of office per N.J.S.A. 2A:13-1.

88.     **Mr. Giblin** did, via the use of fraud, defeat the plaintiff's action pled via docket BER-DC-8320-10 in the Bergen Superior Court. It is customary to argue on the floor of the Appellate Court of New Jersey via the use of factual arguments and not the use of fraud. The plaintiff was due a jury trial.

89.     **Mr. Giblin** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-DC-8320-10 in spite of the fact that he knew the action was meritorious. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States.

90.     **Mr. Giblin** did have BER-DC-8320-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America.

**PRAYER FOR RELIEF**

12.     The statute of limitations for the actions the
        plaintiff seeks to bring to the bar is six years as the
        residual statute of limitations in New Jersey is at least
        six years via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488
        U.S. 235 for a civil rights action.

13.     By reason of the facts and circumstances stated above,
        the plaintiff has been damaged by the defendants in the
        amount of $10,000,000 and no cents.   Percentages of
        liability are to be determined by jury.

WHEREFORE, plaintiff demands judgment against defendants in
        the above referenced amounts, plus interest from a time
        established by the court, costs and disbursements, together
        with any other relief the Court finds to be just and proper
        after a jury decides all triable issues.   The plaintiff
        demands a jury in all matters that are triable.

Dated: February 14, 2012


Philip Hahn, Pro Se