NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PHILIP E. HAHN,** | : | |
| | : | **Civil Action No.: 11-1874 (ES)** |
| **Plaintiff,** | : | |
| | : | **OPINION** |
| | : | |
| **THE STATE OF NEW JERSEY, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**SALAS, District Judge**

### I.      Introduction

Before the Court are eleven motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Also pending before the Court are four motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  The Court has considered the parties' submissions in support of and in opposition to the instant motions, and decides the matters without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendants' motions to dismiss are granted with prejudice; however, Defendants' motions for the imposition of Rule 11 sanctions are denied.

### II.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as well as 42 U.S.C. § 1983.

### III.    Background

Plaintiff has filed a litany of state court actions, the majority—if not all—of which have been dismissed with prejudice.  Based upon those dismissals, Plaintiff now seeks relief from the federal courts.  Plaintiff claims that the Defendants have violated his "individual and

associational rights under the Fifth, Seventh, Eighth, and Fourteenth Amendment [sic] to the United States Constitution," and seeks relief under 42 U.S.C. §§ 1983, 1985 and 1986. (Am. Compl. at 3, ¶ 1).[1] While Plaintiff's Amended Complaint is essentially devoid of factual allegations, the crux of Plaintiff's Amended Complaint can be summarized as follows: "I have demanded a jury trial . . . . As a result the court does not have jurisdiction to dismiss the action. That is it. Game over. I get a jury trial. I will not agree to anything else." (Docket Entry No. 58 at 1).

This general allegation has led to the present action, wherein Plaintiff seeks redress from, among others,[2] attorneys who filed—and argued—motions seeking dismissal of Plaintiff's state court complaints; the trial court judges who—upon reviewing the motions and hearing argument—dismissed Plaintiff's complaints; the appellate division judges who affirmed the trial court judges' decisions dismissing Plaintiff's claims; and the Supreme Court justices who subsequently denied Plaintiff's petitions for certification.

## IV. Legal Standards

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule

---

[1] To remedy the duplicated paragraph numbering in Plaintiff's Amended Complaint, the Court will reference the page number and specific paragraph it is citing to.

[2] Plaintiff also seeks relief from additional parties, some of whom he previously sued in state court. These additional parties include: Bergen Regional Medical Center ("BRMC"); University of Medicine and Dentistry of New Jersey ("UMDNJ"); Marco Zarbin, M.D. ("Dr. Zarbin"); Marianne Antoniello, M.D. ("Dr. Antoniello"); Abraham Berkowitz, M.D., ("Dr. Berkowitz"); Magdy Yacoub, M.D. ("Dr. Yacoub"); Bristol-Myers Squibb Company ("BMS"); Otsuka America Pharmaceutical, Inc. ("OAPI"); Stuart Noorily, M.D. ("Dr. Noorily"); and the Retina Associates of New Jersey, P.A. ("Retina Associates"). However, because Plaintiff's Amended Complaint lacks a central theme tying these parties together, the Court addresses the specific allegations relating to each Defendant in its analysis section.

12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011). In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation and quotation marks omitted).

### B.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a

- 3 -

'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## V.    Analysis[3]

---

[3] The Court makes three preliminary determinations. First, Plaintiff has failed to allege any facts to support a claim under 42 U.S.C. § 1985. Although Hahn failed to specify under which part of § 1985 he seeks relief, it is clear that the applicable section is 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege "'(1) a conspiracy; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; [] (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Slater v. Susquehanna Cnty.*, No. 11-1726, 2012 U.S. App. LEXIS 406, at *8 (3d Cir. Jan. 9, 2012) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). "As the linchpin for conspiracy is agreement, . . . concerted action, without more, cannot suffice to state a conspiracy claim." *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, at *16 (3d Cir. 2011). Further, the "second component of the test requires the plaintiff to allege that the conspiracy was motivated by racial, gender, or other class-based discriminatory animus." *Slater*, 2012 U.S. App. LEXIS 406, at *8 (citing *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). In this case, Plaintiff neither pleads that the Defendants engaged in a conspiracy, nor does Plaintiff allege that the purported conspiracy was motivated by race, gender, or some other class-based discriminatory animus. *See ibid.* Thus, Plaintiff has failed to state a claim to relief under 42 U.S.C. § 1985 that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949. Second, because Plaintiff has failed to allege a conspiracy under § 1985, he has failed to state a viable cause of action under 42 U.S.C. § 1986. *See Koorn v. Lacey Twp.*, 78 F. App'x 199, 208 (3d Cir. 2003) ("[T]he Koorns do not have a cognizable § 1985(3) claim. Thus the Koorns' claim that Township officials failed to halt a conspiracy in violation of 42 U.S.C. § 1986 must also fail."). Finally,

**A.      Plaintiff's Claimed Right to a Jury Trial Under the Seventh Amendment, New Jersey Constitution, and New Jersey Rules of Court**

Plaintiff maintains that he had a legal right to a trial by jury in his state court proceedings as guaranteed by the Seventh Amendment of the United States Constitution, Article 1 Paragraph 9 of the New Jersey Constitution, and New Jersey Rules of Court because he has requested and paid for a jury trial.  (*See generally* Am. Compl.).

Plaintiff's argument is misplaced.  First, it is well-settled that "the first ten Amendments [to the United States Constitution], including of course the Seventh, are not concerned with *state action and deal only with Federal action*."  *Minneapolis & St. Louis R.R. Co. v. Bombolis, Adm'r of Nanos*, 241 U.S. 211, 217 (1916) (emphasis added).  In other words, "the *Seventh Amendment applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts . . . .*"  (*Ibid.*) (internal citations omitted).  In this case, Plaintiff claims that the New Jersey state court judges "did deny the plaintiff his right to a trial by jury as guaranteed by the [Seventh] Amendment to the United States Constitution."  (Am. Compl. at 25, ¶ 1).  To that end, Plaintiff's Seventh Amendment argument is misguided because the Seventh Amendment applies only to proceedings in courts of the United States and not state courts.

Second, this Court summarily rejects Plaintiff's argument that he has a right to a trial by jury under the New Jersey Constitution and New Jersey Rules of Court.  Plaintiff presented this exact argument during his New Jersey State Court proceedings, to which the Appellate Division held:

---

Plaintiff's contention that he has a six-year statute of limitations for the claim he seeks relief under is misplaced. Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual.  N.J.S.A. § 2A:14-2; *see Blow v. Paterson Police Dep't*, No. 11-2128, 2012 U.S. Dist. LEXIS 13385, at *13 (D.N.J. Feb. 3, 2012) ("In the state of New Jersey, there is a two year statute of limitations on personal injury actions, N.J.S.A. 2A:14-2, and thus a two-year statute of limitations on Section 1983 actions.").

The gist of plaintiff's argument on appeal, articulated in particular at oral argument, is that he requested and paid for a jury trial, a constitutional right, which trumped the firm defendants' rights to make a motion to dismiss his complaint and the judicial defendants' right to dismiss his case prior to an adjudication on the merits by a jury. Plaintiff's position is not founded in law. As our Supreme Court has recognized, "in civil matters the constitutional right to a jury trial is not absolute. . . . Even when requested, the failure to present evidence warranting submission of a factual issue to the jury is the functional equivalent of a waiver of the right to have a jury decide the case." *Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520, 537 (1995). Specifically, in the context of a motion to dismiss for failure to state a claim, the law is clear that "a court must dismiss the plaintiff's complaint if it has failed to articulate a legal basis entitling the plaintiff to relief." (citing cases).

*Hahn v. Frascella*, No. A-0070-10T3, 2011 N.J. Super. Unpub. LEXIS, at *4, 5 (App. Div. June 3, 2011); *see also Hahn v. Bergen Reg'l Med. Ctr.*, Nos. A-2869-09T1, A-6282-09T1, A-1924-10T4, 2011 N.J. Super. Unpub. LEXIS 1626, at *16, 17 (App. Div. June 23, 2011). This Court declines Plaintiff's invitation to entertain this argument. To do so would be equivalent to an appellate review of the state courts' decisions.

### B. The State of New Jersey

Plaintiff claims that "the state of New Jersey den[ied] . . . his civil rights via the maladministration of the events of the Supreme Court of New Jersey." (Am. Compl. at 8, ¶ 1).

The Court need not dwell on this issue because the law is clear: "[t]he Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2010); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress has not abrogated the state's sovereign immunity with respect to § 1983. *See ibid.* ("Section 1983

does not abrogate states' immunity."). "And New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity." *Ibid.* Accordingly, the State of New Jersey will be dismissed from this litigation.

> **C. The Supreme Court of New Jersey, the Superior Court of New Jersey Appellate Division, the Superior Court of New Jersey—Essex, Bergen, and Hudson Vicinages**

The Court next determines whether Plaintiff may seek relief from the judicial branch.

This Court—like many other courts—finds the judicial branch to be an integral part of the State of New Jersey, and thus concludes that regardless of the form of relief Plaintiff seeks, Plaintiff's claims against these entities are barred by the Eleventh Amendment of the United States Constitution. *See, e.g.*, *Dongon v. Banar*, 363 F. App'x 153, at 156 (3d Cir. 2010) ("[T]he state courts . . . are entitled to Eleventh Amendment immunity because they are part of the judicial branch of the State of New Jersey, and therefore considered arms of the state."); *Onyiuke v. New Jersey Supreme Court*, 435 F. Supp. 2d 394, 401 (D.N.J. 2006) ("the New Jersey Supreme Court is, therefore, entitled to Eleventh Amendment immunity."); *Hunter v. Supreme Court of New Jersey*, 951 F. Supp. 1161, 1177 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("the Supreme Court of New Jersey . . . enjoy[s] Eleventh Amendment immunity."); *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296-98 (D.N.J. 1994) ("the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity. Therefore, this Court holds that plaintiff's claim . . . against the New Jersey Superior Court is barred by the Eleventh Amendment."); *El-Hewie v. Supreme Court of New Jersey*, No. 10-5153, 2011 U.S. Dist. LEXIS 53880, at *4 (D.N.J. May 19, 2011) ("The claims against the Supreme Court of New Jersey and the New Jersey Appellate Division are also barred by the Eleventh Amendment."); *Haddad v. Flynn*, No. 07-5617, 2008 U.S. Dist. LEXIS, at *16, 17 (D.N.J. Sept. 9, 2008) ("The Superior

Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are thus protected by the Eleventh Amendment."); *Kwasnik v. Leblon*, No. 03-3881, 2006 U.S. Dist. LEXIS 2333, at *10 (D.N.J. Jan. 23, 2006) ("The New Jersey Supreme Court, as part of the judicial branch of the New Jersey State government, is an integral part of the State of New Jersey for purposes of the Eleventh Amendment and is entitled to share in the State's sovereign immunity.  New Jersey has not waived its sovereign immunity with regard to suits brought in federal courts against its courts"); *Hawkins v. Supreme Court of N.J.*, 2005 U.S. Dist. LEXIS 37564, at *25 (D.N.J. Aug. 31, 2005), *aff'd*, 174 F. App'x 683 (3d Cir. 2006) ("In this case, sovereign immunity unquestionably extends to . . . the New Jersey Supreme Court . . . , regardless of the type of relief requested.").[4]

In light of this precedent, the Court holds that the Supreme Court of New Jersey, the Superior Court of New Jersey Appellate Division, and the Superior Court of New Jersey—Vicinages of Essex, Bergen, and Hudson—are immune from suit under the Eleventh Amendment.  Accordingly, they will be dismissed from this litigation.[5]

### D.     The Supreme Court Justices, Judges of the Appellate Division, and Judges of the Superior Court[6]

[4] There are two notable exceptions to the doctrine of sovereign immunity: "(1) a state can consent to be sued and (2) Congress can abrogate a state's sovereign immunity."  *Hawkins*, 2005 U.S. Dist. LEXIS 37564, at *25 n.10.  There is no indication that either exception is applicable here.

[5] The Court notes that claims brought under §1983 do not override a state's Eleventh Amendment immunity. *Quern*, 440 U.S. 332, 345 (1979).  The Court further notes that Plaintiff's claim that he was denied equal protection when only two judges, rather than three, presided over his appellate proceedings lacks merit.  *See* Rule 2:13-2(b) ("Appeals *shall be decided by panels of 2 judges* . . . except when the presiding judge determines that an appeal should be decided by a panel of 3 judges.") (emphasis added).

[6] The Supreme Court Justices being sued by Plaintiff are the Hon. Stuart Rabner, Chief Justice; Hon. Victoria Long, Associate Justice; Hon. Jaynee LaVecchia, Associate Justice; Hon. Barry T. Albin, Associate Justice; Hon. John E. Wallace, Jr., Associate Justice; Hon. Roberto Rivera-Soto, Associate Justice; and the Hon. Helen E. Hoens, Associate Justice.  The Appellate Division Judges that Plaintiff seeks relief from include the Hon. Joseph Lisa, P.J.A.D.; Hon. Steven Skillman, J.A.D.; Hon. Ronald B. Graves, J.A.D.; and the Hon. William P. Gilroy, J.A.D. Finally, the Superior Court Judges from whom Plaintiff seeks relief are the Hon. Paul J. Vichness, J.S.C.; Hon. Estella De la Cruz, J.S.C.; Hon. Mark Baber, J.S.C.; Hon. Bruno Mongiardo, J.S.C.; Hon. Carmen Alvarez, J.S.C.; and the Hon. Susan Reisner, J.S.C.

Plaintiff seeks redress from the trial court judges who dismissed his state court claims, the appellate judges who affirmed the trial courts' dismissals, and the New Jersey Supreme Court justices who denied Plaintiff's petitions for certification.  According to Plaintiff, "the court[s] were not at liberty to dismiss the plaintiff's actions . . . [s]ince the plaintiff properly demanded a jury." (Docket Entry No. 57 at 3, 5).  Plaintiff's arguments are unavailing.

It is well established that "[a] judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts." *Azubujo v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).  "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the 'clear absence of all jurisdiction.'" *Kwasnik v. Leblon*, 228 F. App'x 238, at *11, 12 (3d Cir. 2007) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)) (internal citation omitted).  There are only two exceptions to the doctrine of judicial immunity.  The first exception is where a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. *Ibid.*

The Court holds that Plaintiff's claims against the Supreme Court justices, the judges of the Appellate Division, and the judges of the Superior Court are barred by the doctrine of absolute judicial immunity.  In this case, Plaintiff has not set forth any facts that would suggest that the judicial Defendants engaged in nonjudicial acts, nor has Plaintiff alleged facts demonstrating that the judges' actions were taken in the clear absence of all jurisdiction.  Indeed,

the judicial defendants here decided pending motions, dismissed baseless claims, denied appeals, and denied Plaintiff's petitions for certification.   These acts were judicial in nature, and notwithstanding Plaintiff's arguments to the contrary, were exercised within the judges' respective jurisdictions.   *See Kwasnik*, 228 F. App'x 238 at *13 ("The Ju[dges] of the New Jersey Superior Court and [Justices] of the [New Jersey] Supreme Court . . . acted within their respective jurisdictions in denying Kwasnik's appeal and his petition for certification."); *Melleady v. Blake*, No. 11-1807, 2011 U.S. Dist. LEXIS 144834, at *23, 49 (D.N.J. Dec. 15, 2011) (judge was entitled to absolute judicial immunity for issuing a ruling while presiding over a judicial proceeding ); *Gage v. Warren Twp. Comm. and Planning Bd. Members*, No. 11-1501, 2011 U.S. Dist. LEXIS 137134, at *25 (D.N.J. Nov. 29, 2011) (judge was entitled to absolute judicial immunity for issuing various orders in connection with matters pending before the court).   Thus, it is without question that the doctrine of absolute judicial immunity is applicable here.   Accordingly, Plaintiff's claims against the judicial Defendants are barred, and therefore dismissed.

## E.   BRMC

Plaintiff's Amended Complaint contains two allegations against BRMC.   In paragraph 32, Plaintiff alleges that BRMC became "liable via a Title 42 U.S.C. 1983 action when the plaintiff had his retinal detachment aggravated when the defendant's employees . . . force[d] aspirin and multi vitamins on the plaintiff . . . in violation of N.J.S.A. 30:4-27.11d."   (Am. Compl. at 19, ¶ 32).   Similarly, in Paragraph 33, Plaintiff alleges that BRMC is liable under

§ 1983 because its employees gave Plaintiff a CAT scan after he ingested Abilify.  (*Id.* at 19, ¶ 33).[7]

The Court finds that Plaintiff has failed to allege a viable cause of action under § 1983 for the following four reasons.  First, the Court finds that the doctrine of *res judicata* bars Plaintiff's claims against BRMC.  "The doctrine of *res judicata* applies to federal civil actions brought under § 1983, and, in this context, we must afford 'a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"  *Cycle Chem., Inc. v. Jackson*, No. 09-1320, 2012 U.S. App. LEXIS 3109, at *11 (3d Cir. Feb. 14, 2012) (quoting *Jones v. Holvey*, 29 F.3d 828, 829-30 (3d Cir. 1994)).  *Res judicata* bars the relitigation of "matters actually determined in an earlier action, [and] to all relevant matters that could have been so determined."  *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (N.J. 1991).  "'If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action.  Otherwise, theories not raised will be precluded in a later action.'"  *Cycle Chem., Inc.*, 2012 U.S. App. LEXIS 3109, at *12 (quoting *Watkins*, 124 N.J. at 412).  "Under New Jersey law, *res judicata* applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later

---

[7] BRMC contends that Plaintiff has filed no less than six state court lawsuits against BRMC—all of which have been dismissed with prejudice—stemming from his 2005, 2007, and 2008 involuntary commitments to BRMC.  (*See* BRMC Moving Br. at 1).  BRMC explains that "[t]he commitments and subsequent litigation follow a pattern; plaintiff, a diagnosed paranoid schizophrenic, is voluntarily admitted to BRMC after either threatening his elder parents . . . ; hurting himself; or making bizarre statements to the police."  (*Ibid.*).  "Once . . . admitted, plaintiff is treated with . . . medication, improves dramatically, and is discharged . . . ."  (*Ibid.*).  Defendant argues that dismissal is warranted because Plaintiff's "federal lawsuit is little more than a thinly veiled attempt to collaterally attack the various state-court rulings."  (*Ibid.*).

action grows out of the same transaction or occurrence as the claim in the first action." *Ibid.* (internal citation and quotation marks omitted).

The Court concludes that each element has been satisfied.  First, the judgments in the prior actions were valid, final, and on the merits.  *See, e.g.*, *Hahn*, 2011 N.J. Super. Unpub. LEXIS 1626.  Second, identity of the parties exists because both Hahn and BRMC were involved in the prior litigations.  Finally, there can be no question that Plaintiff's federal lawsuit, *i.e.*, the later action, grows out of the same occurrence that led to the Plaintiff's earlier litigations— Plaintiff's commitment and subsequent treatment while at BRMC.  (*See* Complaint, No. BER-L-1852-07, attached as Exhibit B to Goffinet Cert.) (Demonstrating that Plaintiff's claims against BRMC arose out of Plaintiff's commitment and treatment at BRMC from April 15, 2005 to May 5, 2005); (Complaint, No. HUD-L-6118-08, attached as Exhibit E to Goffinet Cert.) (Demonstrating that Plaintiff's claims against BRMC arose out of his commitment and treatment while at BRMC on February 21, 2007); (Complaint, No. BER-L-3935-09, attached as Exhibit K to Goffinet Cert.) (Demonstrating that Plaintiff's claims against BRMC arose out of his commitment and treatment while at BRMC from March 7, 2008 through March 18, 2008).

Plaintiff attempts to utilize 42 U.S.C. § 1983 as a pretextual basis for this Court's jurisdiction.  This Court is not persuaded.  Plaintiff is asking this Court to relitigate and decide matters in contravention of firmly ingrained *res judicata* principles.  Plaintiff has been afforded his day in court, during which he presented and argued his claims before a court of competent jurisdiction.  To that end, this Court declines to relitigate matters growing out of the same transaction that formed the basis of Plaintiff's earlier state court litigations.

Second, the law is clear: "section 1983 . . . solely supports causes of action based upon violations . . . of *federal* statutory law or constitutional rights."  *Brown v. Grabowski*, 922 F.2d

- 12 -

1097, 1113 (3d Cir. 1990) (emphasis in original); *Bates v. Paul Kimball Hosp.*, 346 F. App'x 883, 887 (3d Cir. 2009) ("In a typical § 1983 action, a court must initially determine whether the plaintiff has even alleged a deprivation of a right that either federal law or the Constitution protects."). Thus, "[s]ection 1983 does not provide a cause of action for violations of state statutes, and, . . . a state statute cannot, in and of itself, create a constitutional right." *Brown*, 922 F.2d at 1113 (internal citation omitted). Plaintiff seeks to utilize § 1983 for alleged violations of *state statutes*, namely, N.J.S.A. 30:4-27.11d. (emphasis added). For that reason, Plaintiff's claim must fail.

Third, courts do not recognize § 1983 liability on a theory of *respondeat superior*; rather, a plaintiff is required to allege that the defendant, through defendant's own actions, violated the Constitution. *Iqbal*, 129 S. Ct. at 1948; *see also Jordan v. Cicchi*, 428 F. App'x 195, 198 (3d Cir. 2011). Plaintiff's theory of liability against BRMC is linked to alleged unlawful conduct by its employees. Therefore, Plaintiff's claim fails because it is predicated upon the theory of *respondeat superior*.

Finally, Plaintiff also has failed to state a valid claim under § 1983 because he has failed to allege that BRMC was acting under color of state law. *Bates*, 346 F. App'x 883, 887 (3d Cir. 2009) ("To state a valid claim under § 1983 against the Medical Facilities, [plaintiff] must show not only that they violated his federal rights but that they did so while *acting under color of state law*.") (emphasis added). Plaintiff's failure to allege this necessary component of the § 1983 analysis warrants dismissal. *See ibid.* (holding that "[t]he allegations in [plaintiff's] amended complaint are wholly insufficient to carry his burden of demonstrating that the Medical Facilities acted under color of state law . . . and the District Court should have granted the Medical Facilities' motion on that basis.").

- 13 -

For the reasons articulated above, Plaintiff does not have a cognizable claim under § 1983. Furthermore, because any amendment would be futile, the Court dismisses with prejudice Plaintiff's Amended Complaint as it relates to BRMC.

**F.       UMDNJ, Dr. Antoniello, Dr. Berkowitz, Dr. Yacoub, and Dr. Zarbin**

Plaintiff seeks relief from Defendants in connection with his June 1, 2005 cataract surgery. Plaintiff alleges: (1) that as a result of UMDNJ's "maladministration . . . [he] was assaulted by the defendant's (UMDNJ) employees via the performance of . . . cataract surgery on June 1, 2005"; (2) "plaintiff was assaulted by . . . doctor Marco Zarbin via the performance of . . . cataract surgery on June 1, 2005"; and (3) the Plaintiff was "recklessly assaulted" by Dr. Yacoub, Dr. Antoniello, and Dr. Berkowitz when he was "made to walk his bag of anesthesia to the operating room on June 1, 2005." (Am. Compl. at 20, ¶¶ 38-44). In response, the Defendants contend that "plaintiff's Complaint is meritless and should be dismissed with prejudice." (UMDNJ Moving Br. at 2). This Court agrees.

As a preliminary matter, it appears that Plaintiff's basis for relief against UMDNJ is grounded in a theory of *respondeat superior*. (*See* Am. Compl. at 20, ¶ 38) (as a result of UMDNJ's "maladministration . . . plaintiff was assaulted by the defendant's (UMDNJ) employees via the performance of . . . cataract surgery on June 1, 2005."). However, Plaintiff may not seek relief from UMDNJ on that basis because, as set forth above, a "defendant in a civil rights action must have a personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

Notwithstanding that pleading defect, Plaintiff's claims against UMDNJ, Dr. Antoniello, Dr. Berkowitz, Dr. Yacoub, and Dr. Zarbin are also barred by the applicable statute of limitations. The law is clear: the statute of limitations for actions sounding in either personal

injury or medical malpractice is two years.  *See Mathies v.* Silver, No. 11-2859, 2011 U.S. App. LEXIS 22676, at *10 n.3 (3d Cir. Nov. 9, 2011).[8]

In this case, Plaintiff seeks relief under § 1983 for allegations of either medical malpractice or personal injury stemming from events that took place on June 1, 2005.  Plaintiff filed his original complaint in this action on April 1, 2011, *i.e.*, almost six years after the events at issue occurred.  Thus, Plaintiff seeks to bring an action that falls outside of the two-year statute of limitations.  Consequently, Plaintiff's claims arising from June 1, 2005 are time barred. Accordingly, all claims asserted against UMDNJ, Dr. Zarbin, Dr. Antoniello, Dr. Berkowitz, and Dr. Yacoub will be dismissed with prejudice.

### G.     Retina Associates and Dr. Noorily

Plaintiff claims that Retina Associates is liable under § 1983 for its "maladministration [of] Dr. Stuart Noorily [who] recklessly assaulted the plaintiff."  (Am. Compl. at 22, ¶ 52). Plaintiff also seeks relief—under § 1983—from Dr. Noorily who, according to Plaintiff, "[o]n April 26, 2005, . . . recklessly assaulted [him] by failing to inform [him] that his right eye would deteriorate in the absence of surgery."  (*Id.* at 22, ¶ 53).  Thus, the Court must determine whether Plaintiff's allegations state a claim to relief that is plausible.

The Court concludes that Plaintiff has failed to plead factual allegations that establish a plausible claim for the following reasons.  First, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege that the person who has deprived him of [a federal right] acted under color of state . . . law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  In this case, Hahn never contends that Dr. Noorily and Retina Associates were acting under color of state law.

---

[8] To the extent that Plaintiff's theory of relief is based upon negligence, the statute of limitations also is two years. *See Brodie v. Gloucester Twp.*, No. 11-1914, 2012 U.S. Dist. LEXIS 12260, at *16 (D.N.J. Feb. 1, 2012)

Moreover, it is clear that Dr. Noorily is a private physician employed by Retina Associates, which is not a state entity.  Thus, Plaintiff's claims seeking relief under 42 U.S.C. § 1983 fail as a matter of law.  *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) ("[P]urely private acts which are not furthered by any actual or purported state authority are not acts under color of state law.").

Finally, Plaintiff's claims against Dr. Noorily and Retina Associates are barred by the relevant statute of limitations.  As previously stated, actions sounding in either personal injury or medical malpractice are governed by two year statutes of limitations.  *See Mathies*, 2011 U.S. App. LEXIS 22676, at *10 n.3.

Here, Plaintiff seeks relief from Defendants based upon Dr. Noorily's failure to inform Plaintiff that his right eye would deteriorate in the absence of surgery, which Plaintiff characterizes as an assault.  (*See* Am. Compl. at 22, ¶¶ 52, 53).  Notwithstanding Plaintiff's characterization, the event at issue occurred on April 26, 2005.  Plaintiff did not, however, file his original complaint with this Court until April 1, 2011.  Therefore, Plaintiff's complaint was filed outside of the two-year statutory period, and is thus barred.  Consequently, Plaintiff's Amended Complaint, as it relates to Dr. Noorily and Retina Associates, is dismissed with prejudice.

### H.     BMS and OAPI[9]

Plaintiff alleges that "[v]ia a callous and deliberate disregard for the provisions of the *Products Liability Act of New Jersey* the defendant[s], [BMS and OAPI] did release the Product Abilify . . . ."  (Am. Compl. at 23, ¶¶ 54, 55).[10]

---

[9] The Court consolidates its analysis relating to Defendants BMS and OAPI based upon the allegations contained in Plaintiff's Amended Complaint, as well as Defendants' overlapping legal arguments.

In light of Plaintiff's allegations, the Court concludes that dismissal is warranted for the following three reasons.  First, Plaintiff's allegations are barred under the doctrine of *res judicata*.  It is well-established that a claim shall be precluded under the doctrine of *res judicata* when "(1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties . . . ; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action."  *Cycle Chem., Inc.*, 2012 U.S. App. LEXIS 3109, at *12 (internal citation omitted).

The Court finds that each element is satisfied here.  As to the first element, the Court finds that the state-court judgments were valid, final, and issued on the merits.[11]  *See, e.g.*, *Hahn*, 2011 N.J. Super. Unpub. LEXIS 1626, at *11 ("We also agree with the court that plaintiff's claims against BMS and OAP[I], were time barred.  These claims were filed more than two years after plaintiff admittedly received package warnings that accompanied the medication in April 2005 . . . .  There was no basis for tolling[.]").[12]  With regard to the second element, the prior litigation involved the same parties—Hahn, BMS, and OAPI.  Finally, there can be no question that Plaintiff's federal litigation—the subsequent suit—is based upon the same cause of action

---

[10] It is unclear exactly what federal statute Plaintiff seeks relief under, and rather than specifying, Plaintiff merely titles this section "Civil Rights Action Via Denial Of Rights By [BMS] and [OAPI]."  (*See* Am. Compl. at 23).  It appears that Plaintiff seeks relief of a violation of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*, which is a state statute, by way of §1983.  Thus, it does not appear that "[P]laintiff has even alleged a deprivation of a right that either federal law or the Constitution protects."  *Brown*, 922 F.2d at 1113 (internal citation omitted).  Furthermore, to the extent that Hahn seeks to utilize §1983 to remedy alleged violations of a state statute, Plaintiff's utilization of § 1983 for that purpose would be contrary to well-established law.  *Ibid.*

[11] The Court notes that "[i]t is of no moment that the earlier decision is from state court, as '[a] judgment that is final and therefore res judicata in the courts of one state ordinarily must be given full faith and credit by all other courts in the United States.'"  *Cahn v. United States*, 269 F. Supp. 2d 537, 545 (D.N.J. 2003) (quoting *Flood v. Braaten*, 727 F.2d 303, 308 (3d Cir. 1984)).

[12] A dismissal based upon the statute of limitations having run constitutes a final judgment on the merits for the purposes of *res judicata*.  *See Cahn*, 269 F. Supp. 2d at 545 n.4 (holding that plaintiff's federal claims were barred by the doctrine of *res judicata* because the earlier state-court determination, which dismissed plaintiff's claims for statute of limitation purposes, was a final judgment and therefore must be given full faith and credit) (citing *Atkinson v. Pittsgrove Twp.*, 193 N.J. Super 23, 26-28 (Ch. Div. 1983).

Hahn raised in his prior state-court litigations, *i.e.*, the 2005 administration of Abilify and alleged violations of New Jersey's Products Liability Act.   (*See* Complaint, No. BER-L-8812-07, attached as Exhibit B Goffinet Cert.) (Demonstrating that Plaintiff sued BMS and OAPI for allegedly failing to include a warning of Abilify's tendency to cause retinal degeneration to the BRMC between April 15, 2005 and June 1, 2005, in violation of N.J.S.A. 2A:58C-4).  Hahn's attempt to disguise his prior state law claims as a civil rights action is futile and cannot withstand this Court's scrutiny.  Thus, BMS and OAPI have properly raised the defense of *res judicata*.

Second, Plaintiff's Amended Complaint fails to comply with the pleading requirements imposed by *Iqbal*.  Specifically, Plaintiff's assertions of alleged wrongdoing are conclusory statements, amounting to nothing "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949.  Consequently, these "conclusory statements, do not suffice." *Ibid.*

Third, neither BMS nor OAPI may be sued under § 1983 because they are private entities not acting under the color of state law.  *See Eleuteri*, 2012 U.S. App. LEXIS 899, at *5.  Plaintiff does not allege, nor could he, that BMS and OAPI were acting under color of state law.  For that reason, Plaintiff cannot sustain a claim under 42 U.S.C. § 1983.

Accordingly, Plaintiff has failed to raise a plausible claim against BMS and OAPI. Therefore, Plaintiff's Amended Complaint, and the allegations contained therein, relating to BMS and OAPI are dismissed.  Further, because any amendment would be futile, Plaintiff's claims are dismissed with prejudice.

I.        **The Law Firm Defendants**[13]

Hahn seeks relief from the law firms and lawyers who allegedly deprived him of his right to a trial by jury.  Thus, the Court must determine whether Plaintiff may utilize § 1983 to sue the law firms that allegedly "br[oke] the custom of sending competent counsel to argue on the floor of the Superior Court of New Jersey," (Am. Compl. at 21, ¶¶ 48, 50), as well as the lawyers who—while representing their respective clients—filed motions seeking dismissal of Plaintiff's state-court complaints; argued those motions when requested by the court; and opposed the numerous appeals filed by Plaintiff.  (*See id.* at 18, ¶¶ 28-31; at 21, ¶¶ 47-51; at 27-29 ¶¶ 10-24).

In light of these allegations, the Court finds that Plaintiff has failed to state a claim for which he is entitled to relief for the following two reasons.  First, "[a]ttorneys performing their traditional functions will not be considered *state actors* solely on the basis of their positions as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (emphasis added).  The attorneys in this case were performing their traditional functions as zealous advocates—they filed motions on behalf of their respective clients and argued those motions before courts of competent jurisdiction.  To that end, the Court will not consider these attorneys to be state actors.  Consequently, because a violation under 1983 requires state action, Plaintiff's claims against the Law Firm Defendants fail.  *See Groman*, 47 F.3d at 638.

Notwithstanding the Court's first reason, the Court also holds that the Law Firm Defendants are immune from suit under New Jersey's litigation privilege.  New Jersey recognizes an "absolute litigation privilege," *Roggio v. McElroy, Deutch, Mulvaney, &*

---

[13] The "Law Firm Defendants" is comprised of the following law firms and their respective lawyers: Rupprecht Hart & Weeks LLP, Michael Ricciarduli, Esq., and Karen Ward, Esq.; McCarter & English LLP and David R. Kott, Esq.; Winston & Strawn LLP and James S. Richter, Esq.; Patricia M. Wason, Esq.; Jude-Anthony Tiscornia, Esq. and Thomas J. Brady, Esq.; and Samuel M. Goffinet, Esq.

*Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011), which "is well-established and broadly applicable." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (internal citation omitted). The litigation privilege "immuniz[es] from liability statements made during the course of judicial, administrative, or legislative proceedings." *Kersey v. Becton Dickinson & Co.*, 433 F. App'x 105, 110 (3d Cir. 2011) (internal citation and quotation marks omitted). "The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; and (4) that have connection or logical relation to the action." *Ibid.* (internal citation and quotation marks omitted). Furthermore, "[t]he only limitation New Jersey places upon the privilege is that the statements at issue have some relation to the nature of the proceedings." *Rabinowitz v. Wahrenberger*, 406 N.J. Super. 126, 134 (App. Div. 2009).

In light of the preceding discussion, the Court finds that Plaintiff's claims are barred by the New Jersey litigation privilege. First, all of the Defendants' communications were made in judicial proceedings. Second, the Defendants are lawyers who are authorized by law to make communications on behalf of their clients. Third, the Defendants' communications were made to achieve the object of litigation—namely, to have claims filed against their respective clients dismissed, and to have those dismissals affirmed. Finally, Defendants' communications had a direct connection to the action pending before the respective courts. Therefore, because each element is satisfied, the Court concludes that extending the litigation privilege to these Defendants is warranted. [14]

---

[14] Prior lawsuits involving several of these attorneys and Hahn have led to the same conclusion. *See, e.g.*, *Hahn v. Doyne*, No. A-5991-09, 2011 N.J. Super. Unpub. LEXIS 1143, at *5 (App. Div. May 5, 2011) (holding that counsel's "obligation . . . was to represent their client. The actions they took on behalf of their client cannot subject them to liability [because] [t]he litigation privilege affords them complete immunity from plaintiff's claims.").

Moreover, this Court notes that "[l]awyers . . . must be free to pursue the best course charted for their clients without the distraction of a vindictive lawsuit looming on the horizon." *Loigman v. Twp. Comm. of the Twp. of Middletown in the Cnty. of Monmouth*, 185 N.J. 566, 587-88 (2006). This Court will "not allow the frightful specter of retributive civil actions against attorneys to paralyze them from exercising mundane trial duties on behalf of their clients." *Id.* at 589. Accordingly, Plaintiff's claims are barred, and the Court will dismiss the Law Firm Defendants from this litigation.

## VI.    Motions for Rule 11 Sanctions

BMS, OAPI, McCarter & English LLP, David. R. Kott, Esq., Winston & Strawn LLP, and James S. Richter, Esq. have moved for Rule 11 sanctions against Plaintiff. (*See* Docket Entry Nos. 28, 41, 52, and 53). Specifically, Defendants seek (1) an injunction barring Plaintiff from filing similar complaints in this Court against them related to their representation of their clients without obtaining prior leave of court; and (2) any other relief the Court deems appropriate. (*See, e.g.*, Docket Entry No. 41 at 4; Docket Entry No. 53 at 9).

Rule 11 provides, in pertinent part:

> By presenting to the court a pleading . . . an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . ; the claims . . . are warranted by existing law . . . ; and the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3). In the Third Circuit, the legal standard for evaluating the conduct alleged to violate Rule 11 is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 184 (3d Cir. 2008) (internal citations omitted). Reasonableness is

"an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). The decision to grant a motion for sanctions falls within the discretion of the district judge. *See Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 762 (3d Cir. 2009).

Although the Court recognizes Defendants' frustration in litigating this matter, as well as the previous state court litigations, this Court is not willing, at this point in time, to impose the sanction requested for the following reasons. First, Plaintiff has never been told by a federal court that he does not have cognizable federal claims based upon the facts alleged. Thus, the Court finds that, under the circumstances presented here, dismissal with prejudice is the appropriate sanction. Second, should Plaintiff choose to file new claims against these Defendants, based upon the same underlying facts, those claims will be referred to this Court. To that end, the Court puts Plaintiff on notice that it will allow Defendants to re-file their Rule 11 motions. Furthermore, the Court warns Plaintiff that "Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided [], including those [re-filed] under the guise of constitutional arguments and 1983 claims." *Dunleavy v. Gannon*, No. 11-0361, 2012 U.S. Dist. LEXIS 9679, at *18 (D.N.J. Jan. 26, 2012); *see also Lai v. Huilin Wei*, 331 F. App'x 143, 145 (3d Cir. 2009) ("The District Court properly ordered the Clerk not to accept any future filings from Lai without permission from the Court.").

**VII.    Conclusion**[15]

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) are granted. Defendants' motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure are denied.  An appropriate Order shall follow.

*s/Esther Salas*

**Esther Salas, U.S.D.J.**

---

[15] The Court notes that the several Defendants have either answered or not responded to Plaintiff's Amended Complaint and, as a result, are not subject to the rulings made in this Opinion.  These Defendants include: Vasio, Kelly and Strollo, Robert Logan, the Estate of Dr. Cuculic, the Borough of Paramus, Paramus Police Department, Care Plus, and Miss Renee Garbowski.