UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| PHILIP E. HAHN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, et al.<br><br>Defendants. | Civil Action No.<br><br>11-1874-ES-SCM<br><br>**OPINION AND ORDER** |

## I.   INTRODUCTION

This matter comes before the Court by way of various informal applications to amend the complaint filed by *pro se* Plaintiff Philip E. Hahn.  (*See* Docket Entries ("D.E.") 132, 161, 182, 195, and 204).  For the reasons set forth below, Plaintiff's requests for leave to amend are **DENIED**.

## II.  BACKGROUND

A detailed background of this matter may be found in the December 17, 2012, Opinion [D.E. 187] of the Honorable Esther Salas, U.S.D.J.  In essence, "[t]he instant matter stems from the dismissal of several state court actions, and Plaintiff's recalcitrant efforts to litigate against all persons involved in those actions." *Id.*  This Court has granted fourteen (14) motions to dismiss involving a colorful array of defendants,

including law firms, pharmaceutical companies, and Supreme Court justices.

Plaintiff has filed five (5) informal applications to add the following parties: The Honorable Ester [sic] Salas; New Jersey Deputy Attorney General Debra-Shane Held; Matthew Blackman, Esq.; Ruprecht, Hart and Weeks; Vasios, Kelly and Strollo; the Honorable De Lorenzo; the Honorable O'Halloran; Post, Polak, Goodsell, MacNeill & Strauchler; Ahmuty, Demers & McManus; Bogart, Keane and Ryan; the Honorable Kennedy; the Honorable Espinosa; the Honorable Dorothea O'C Wefing; the Honorable Parrillo; the Honorable Yannotti; the Honorable Cuff; the Honorable Fasciale; the United States of America; the United States Air Force; the state of Pennsylvania; the Pennsylvania Air National Guard; the State of New Jersey; the New Jersey Air National Guard; the Appellate Court of New Jersey; the Bergen Superior Court; Judge Nugent; Judge Fuentes; Judge Ashrafi; Judge Polifroni; Debra M. Marcus; Stephen E. Schechter; Ms. Gefaell; the Law Office of Stephen H. Schechner; the Honorable Espinosa; the Honorable Skillman; and Joseph Orlando.

**III. DISCUSSION**

New Jersey L. Civ. R. 7.1 states:

> **(f) Motions Regarding Additional Pleadings**
> Upon filing a motion for leave to file an amended complaint or answer, a complaint in intervention or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

L. Civ. R. 7.1(f). "The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading." *Folkman v. Roster Financial*, 2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005); *see also U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007) (stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion). Failure to include a proposed amended complaint is a basis for dismissal of a Plaintiff's motion to amend his complaint. *See, e.g., Tucker v. Wynne*, 2009 U.S. Dist. LEXIS 69546 (D.N.J. 2009); *Warren v. Gelardi*, 2009 U.S. Dist. LEXIS 2333 (D.N.J. 2009); *Parker v. Howmedica Osteonics Corp.*, 2008 U.S. Dist. LEXIS 2570 (D.N.J. 2008); *Trans World Techs. V. Raytheon Co.*, 2007 U.S. Dist. LEXIS 82118 (D.N.J. 2007).

3

Here, Plaintiff has not submitted a copy of a proposed amended pleading with any of his applications to amend his complaint. Plaintiff's failure to provide a copy of his proposed amended complaint, in and of itself, supports denying his requests to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in denying the motion because plaintiffs' "failure to provide a draft amended complaint would be an adequate basis on which the court could deny the [plaintiffs'] request"). Accordingly, Plaintiff's requests to amend his complaint are hereby denied.

**IV.   CONCLUSION**

This matter, having come before the Court on the applications of Plaintiff to amend his complaint; and the Court having considered same; and for good cause shown,

IT IS ON THIS 3rd day of May, 2013:

**ORDERED** that Plaintiff's applications to amend his complaint are hereby **DENIED**; and it is further

**ORDERED** that Plaintiff shall not file any further applications to amend his complaint without first requesting

4

leave from this Court by way of written letter.  Failure to abide by this Order may result in sanctions.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/7/2013 9:59:59 AM

Date: May 7, 2013