UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

PHILIP E. HAHN,

    Plaintiff,

v.

THE STATE OF NEW JERSEY,
et al.,

    Defendants.

Civil Action No.:

2:11-CV-1874-JLL-MAH

**OPINION AND ORDER
ON PLAINTIFF'S MOTION
FOR LEAVE TO AMEND**

## I.   INTRODUCTION

This matter comes before the Court by way of multiple informal applications by *pro se* plaintiff Philip E. Hahn ("Plaintiff") to amend his Complaint. (*See* Docket Entries ("D.E.") 246, 249, 251, 259, 269, 272, and 288). For the reasons set forth below, Plaintiff's requests for leave to amend his Complaint to add additional parties and claims are **DENIED**.

## II.  BACKGROUND

A detailed background of this matter may be found in the December 17, 2012, Opinion of the Honorable Esther Salas, U.S.D.J. (D.E. 187).[1] In essence, "[t]he instant matter stems

---

[1] This case was transferred to the undersigned on August 13, 2013. (CM/ECF No. 291).

from the dismissal of several state court actions, and Plaintiff's recalcitrant efforts to litigate against all persons involved in those actions." *Id.*

All defendants named in the original Complaint have been dismissed. (*See* D.E. 125, Mar. 13, 2012 Order (granting 11 motions to dismiss); D.E. 188, Dec. 17, 2012 Order (granting 3 motions to dismiss)). This Court has granted fourteen (14) motions to dismiss various defendants, including law firms, pharmaceutical companies, government entities and Supreme Court justices.

Meanwhile, Plaintiff has filed several informal applications to amend his Complaint to add additional parties and claims.[2] Some of these applications violated the requirement set out in Local Civil Rule 7.1(f) to include a proposed amended pleading. Most recently, without first obtaining leave from the Court, on May 3, 2013, Plaintiff filed a second Amended

---

[2] On May 8, 2013, the Honorable Steven C. Mannion, U.S.M.J., issued an Opinion and Order denying several informal applications made by Plaintiff to amend his complaint. (*See* D.E. 245). Magistrate Judge Mannion denied Plaintiff's applications to amend for failure to include a copy of a proposed amended complaint, and further ordered that Plaintiff shall not file any further applications to amend his complaint without first requesting leave from the Court by way of written letter. (*Id.* at 4-5). Plaintiff subsequently disregarded Magistrate Judge Mannion's Order, and filed submissions seeking to add additional parties and claims. (*See* D.E. 249, 251, 259, 269, 272, and 288). Those proposed additional parties/claims are reflected here.

2

Complaint.[3] (*See* D.E. 246, Plaintiff's Amended Complaint). It is against this backdrop that this Court addresses Plaintiff's most recent attempt to amend his Complaint.

**III. DISCUSSION**

    **A.    Failure to Comply With L. Civ. R. 7.1**

New Jersey Local Civil Rule 7.1(f) states:

> **(f) Motions Regarding Additional Pleadings**
> Upon filing a motion for leave to file an amended complaint or answer, a complaint in intervention or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

---

[3] Plaintiff's proposed second Amended Complaint does not comply with L. Civ. R. 7.1(f) because it does not name any of the parties that Plaintiff stated he was seeking leave to add in his informal applications. (*See* D.E. 132, 161, 182, 195, and 204). Here, Plaintiff has done nothing more than copy his Amended Complaint filed on June 28, 2011, (D.E. 16), and hand-write over certain dates and information as an "Amended Complaint." A comparison of Plaintiff's Amended Complaint and this proposed Amended Complaint reveals that: The captions of the two pleadings are identical; the signature pages contain the typewritten dates of "April 1, 2011," and "June 30, 2011," the dates upon which Plaintiff filed his original and first amended complaints, (*see* D.E. 1, 16), and the language of the proposed Amended Complaint is otherwise identical to the language in the Amended Complaint, (*see* D.E. 246) (Plaintiff handwrote in the date of May 1, 2013). The only change is that Plaintiff replaced case number "A 2869 09T1" with "A-6282-09T1" in various places (Plaintiff appears to have crossed out the original case numbers and replaced them by hand). (D.E. 246 at 28, ¶¶ 19-21).

3

*Id.* "The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading." *Folkman v. Roster Fin.*, Nos. 05-2099, 05-2242, 05-2243, 05-2244, 05-2245, 2005 WL 2000169, at *8 n.7 (D.N.J. Aug. 15, 2005); *see also U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007) (stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion). Failure to include a proposed amended complaint is a basis to deny a Plaintiff's motion to amend. *See, e.g., Tucker v. Wynne*, No. 08-4390, 2009 WL 2448520, at *2 (D.N.J. Aug. 10, 2009).

Plaintiff did not submit a copy of a proposed amended complaint with any of his informal applications to amend.[4] (*See* D.E. 249, 251, 259, 269, 272, and 288). That deficiency is an independently sufficient basis to deny Plaintiff's requests for leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in denying the

---

[4] The Court notes that Plaintiff submitted a proposed second amended complaint on May 3, 2013. (D.E. 246). However, Plaintiff does not appear to have submitted same in conjunction with any of his applications to amend. Furthermore, Plaintiff's May 3, 2013, filing is procedurally and substantively improper for the reasons already discussed in footnote 3.

4

motion because plaintiffs' "failure to provide a draft Amended Complaint would be an adequate basis on which the court could deny the [plaintiffs'] request").

### B. Substantive Deficiencies

This Court will first consider whether the proposed additional defendants would be properly joined under Rule 20, (see *Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 407 (D.N.J. 1999)), and then proceed to determine if Plaintiff's proposed amendments are permissible under Rule 15. See *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating, "a court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).").

In addition to Plaintiff's failure to submit a proposed pleading with his applications for leave to amend, his applications fail to satisfy the substantive requirements for a motion to amend. More specifically, Plaintiff's most recent attempts to add a laundry list of additional parties and additional claims fail for two distinct reasons. First, Plaintiff's attempts to add certain defendants does not comport with Federal Rule of Civil Procedure 20(a), which governs

5

joinder of parties. Secondly, Plaintiff's proposed additional claims are futile.

### 1) Joinder Under Rule 20(a)

Under Rule 20(a)(2):

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 sets forth a two-pronged test for joinder of parties requiring: (1) the assertion of a right to relief against the party to be joined, which is predicated upon or arises out of a single transaction or occurrence or a series of transactions and occurrences; and (2) questions of law or fact common to all parties. *N.J. Mach. Inc. v. Alford Indus., Inc.*, No. 89-1879, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991). For joinder to be permissible, both requirements must be fulfilled. *See Mesa Computer Utils., Inc. v. Western Union*, 67 F.R.D. 634, 636 (D. Del. 1975) (holding that franchise agreements negotiated and executed at different times and places nonetheless satisfied the "same transaction or occurrence" test because plaintiffs all alleged a common pattern of fraudulent conduct by defendant). Joinder "promote[s] trial

6

convenience and expedite[s] the final determination of disputes...." *Snodgrass v. Ford Motor Co.*, No. 96-1814, 2002 WL 485688, at *2 (D.N.J. March 28, 2002) (quoting *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001)) (citation & quotation marks omitted). Thus, the Court has discretion to permit joinder if joinder comports with the "principles of fundamental fairness." *N.J. Mach.*, 1991 WL 340196, at *1 (citations & quotation marks omitted).

In the instant case, Plaintiff seeks to join multiple individuals and entities as defendants. In assessing the propriety of joining the proposed defendants, the Court will examine each of Plaintiff's applications for leave to amend/add additional parties in turn below.[5]

### a. Plaintiff's 05/20/13 Application (D.E. 249)

Here, Plaintiff seeks to add the following as defendants: Feitlin Youngman Karas & Youngman LLC; Katherine Youngman; Novalyn L. Winfield; John Walter Sywilok; and Godlesky & Sywilok. Plaintiff's legal argument in support of adding the aforementioned parties is that various defendants conspired to deprive him of his constitutional right to a jury trial.

---

[5] Here, the Court discusses D.E. Nos. 249, 251, 259, 269, 272 and 288. Also, because the Court has already discussed the mootness of the Amended Complaint Plaintiff filed under D.E. 246, it is unnecessary for the Court to address this docket entry in this section of the opinion. *See supra*, n.3.

7

According to Plaintiff, the prospective defendants "are liable to the plaintiff because they denied him his right to trial by jury in the matter of the value of his previously owned property located 103 High Point, New Jersey – it was for a jury to determine the value of the property." (D.E. 249 at 4).

While Plaintiff's "legal argument" recites that the alleged acts "are transactionally related to the matters being pled via 2:11-cv-1874," logic, reason and most of all Plaintiff's own averments reveal that the alleged actions by the prospective defendants do not satisfy the Rule 20 "single transaction or occurrence or a series of transactions and occurrences" standard. Plaintiff has not proffered any facts that show how these two alleged incidents are factually or temporally related such that they would constitute the same transaction or occurrence or a series of transactions. The current action represents Plaintiff's attempt to seek redress in the district court for his failure to receive a jury trial during various state court proceedings of a case in which he sued various defendants as a result of him being involuntarily committed to Bergen Regional Medical Center in 2008. The fact that the action presently pending here in this Court seeks redress for the alleged involuntary commitment that was the subject of Plaintiff's state court case does not make the two matters part of the same transaction or occurrence for the purpose of

8

satisfying the requirements for joinder. The two cases are legally distinct, involve completely different allegedly liable parties and necessarily involve completely unrelated factual predicates. Consequently, Rule 20(a) is not satisfied. Therefore, joinder of the defendants named in Plaintiff's application is impermissible.

### b. Plaintiff's 6/11/13 Application (D.E. 259)

Here, Plaintiff seeks to add the following defendants: The Oradell Animal Hospital; John and Jane Doe #1 to 100. Plaintiff's legal argument in support of his motion to add these parties is that "[t]he above referenced parties are liable to the plaintiff because they sought to go onto the premises of another or the highways of the United States in order to intimidate the plaintiff and/or otherwise seek to deny him his right to trial by jury in the matters at the bar as the above referenced are the only parties that could have overdosed the plaintiff's dog on radiation in an effort to intimidate him." (D.E. 259).

Plaintiff's legal argument does not at all address the Rule 20(a) joinder requirements, discussed *infra*, as it is completely devoid of any factual allegations from which the Court could conclude that the alleged conduct of the prospective defendants was transactionally related to the allegations Plaintiff made in

the instant action. Therefore, joinder of the proposed defendants is not permissible.

### c. Plaintiff's 7/02/13 Application (D.E. 269)

Plaintiff seeks to add Gerhard Hahn and Dorothy Hahn as defendants to the instant action.[6] In support of his application to add these defendants, Plaintiff's application states in relevant part:

> Please accept this letter in lieu of a more formal motion to amend the above referenced complaints to include: 1) Gerhard Hahn; and 2) Dorothy Hahn as they were part of a conspiracy to kill the plaintiff's dog with insulin in May of 2013. As the killing of the dog was intended to intimidate the plaintiff and thereby deter him from seeking his Constitutional rights the plaintiff seeks relief via title 42 section 1985 and any other applicable law.

(D.E. 269 (formatting altered)). The Court does not perceive any transactional relationship between the alleged conspiracy to intimidate the Plaintiff and the alleged conduct that is the subject of the current lawsuit. Similarly, the Court cannot fathom how there might be any common questions of law or fact with respect to the conduct alleged and that which is the subject of the instant lawsuit. Plaintiff has, therefore, failed to satisfy either prong of the Rule 20(a) test and consequently, joinder is impermissible.

---

[6] Insofar as the Court can ascertain, Gerhard Hahn and Dorothy Hahn are the Plaintiff's parents.

10

#### d. Plaintiff's 7/25/13 Application (D.E. 272, 288)

Plaintiff seeks to add the "honorable Salas" and the "honorable Mannion" [sic][7] as defendants.[8] (D.E. 272, 288). Plaintiff's legal argument in support of this application is that Judge Salas and Magistrate Judge Mannion "violated the plaintiff's 8th amendment right via issuing the erroneous letters of dismissal of the plaintiff's actions in order to punish the plaintiff in an unusual manner[.]" (D.E. 272).

This allegation is essentially the same allegation made against numerous other parties; however, this allegation against Judge Salas and Magistrate Judge Mannion, in addition to being entirely factually unsupported, is not transactionally related to the instant action. Concomitantly, there are no common questions of law or fact with respect to the instant action and the allegations that Plaintiff now makes against Judge Salas and

---

[7] Since June 29, 2011 and until recently, the Honorable Esther Salas, U.S.D.J. presided over this matter. Since December 11, 2012 and until recently, the Honorable Steven C. Mannion, U.S.M.J. was the Magistrate Judge presiding over the pre-trial matters in this case. By Order dated August 13, 2013, this case was reassigned for all further proceedings.

[8] The Court notes that Plaintiff sought to add the Honorable Esther Salas as a defendant earlier in this litigation. (D.E. 132). That application was denied per Magistrate Judge Mannion's Opinion and Order dated May 8, 2013. (D.E. 245). While Plaintiff filed the instant, redundant applications to add Judge Salas as a defendant without first obtaining leave to do so in violation of the Court's May 8, 2013, Order, the Court will nevertheless address these applications in the interests of clarity and finality.

Magistrate Judge Mannion. As such, Plaintiff has failed to satisfy Rule 20(a)'s requirements for joinder.

### 2) Futility of Plaintiff's Proposed Additional Claims

A liberal construction of Plaintiff's informal applications to amend indicates that in addition to seeking to add numerous parties, he also seeks to add four additional claims:

i. **Proposed Additional Claim:** "The above referenced parties are liable to the plaintiff because they denied him his right to trial by jury in the matter of the value of his previously owned property located 103 High Point, New Jersey – it was for a jury to determine the value of the property." (D.E. 249 at 4).

ii. **Proposed Additional Claim:** "The above referenced parties are liable to the plaintiff because they sought to go onto the premises of another or the highways of the United States in order to intimidate the plaintiff and/or otherwise seek to deny him his right to trial by jury in the matters at the bar as the above referenced are the only parties that could have overdosed the plaintiff's dog on radiation in an effort to intimidate him." (D.E. 259 at 3).

iii. **Proposed Additional Claim:** (Gerhard Hahn and Dorothy Hahn) "were part of a conspiracy to kill the plaintiff's dog with insulin in May of 2013." (D.E. 269).

iv. **Proposed Additional Claim:** CIVIL RIGHTS COMPLAINT [sic] "…Philip E. Hahn, a United States citizen, appearing pro se. Mr. Hahn brings this complaint for violation of his individual and associational rights under the Fifth, Seventh, Eights and Fourteenth Amendment to the United States Constitution in violation of title 42 U.S.C. 1983, title

42 U.S.C. 1985 and title 42 U.S.C. 1986."
(D.E. 288 at 3).

**A. Legal Standard For Futility**

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (internal citations & quotations marks omitted). In determining whether an amendment is "insufficient on its face," the Court employs the same standard that is applied to a Rule 12(b)(6) dismissal motion. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under a Rule 12(b)(6) analysis, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and demands that the "[f]actual allegations ... be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the [pleading]

are true (even if doubtful in fact)." *Id.* at 555 (quotation marks omitted).

A two-part analysis determines whether this standard is met. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (interpreting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)). First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard any legal conclusions. *Id.* at 210; *Iqbal*, 556 U.S. at 667 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks & alterations omitted).

Second, a court must determine whether a plaintiff's complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. Although this is not a "probability requirement," the well-pleaded facts must do

14

more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id.* at 1949-50 (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### B. Futility of Plaintiff's Proposed Claims

Even under the most liberal construction of Plaintiff's proposed additional claims, they are legally insufficient as pled. In addition to seeking to add numerous parties who were in no way associated with the conduct that allegedly resulted in Plaintiff being deprived of a right to a jury trial (the subject of the instant action), the claims Plaintiff seeks to add are devoid of facts from which the Court could reasonably conclude that the putative defendants could possibly be liable to Plaintiff. Plaintiff's allegations are nothing more than broad, sweeping generalized allegations against all proposed defendants combined with recitations of legal conclusions.

Plaintiff has been afforded ample time and multiple opportunities to properly present a motion for leave to amend but he has repeatedly ignored or neglected to follow the required procedural rules. In doing so Plaintiff has also

failed to meet the basic substantive legal requirements as articulated herein.

**IV. CONCLUSION**

This matter, having come before the Court via multiple informal applications by Plaintiff to amend his complaint; and the Court having considered same; and for good cause shown,

IT IS ON THIS 12th day of Sept., 2013:

**ORDERED** that Plaintiff's applications to amend his complaint are hereby **DENIED with prejudice**; and it is further

**ORDERED** that Plaintiff shall not file any further informal applications or motions to amend his complaint without prior approval from the Court. Failure to abide by this Order may result in sanctions; and it is further

**ORDERED** that because Plaintiff has also failed to prosecute or effect service of the summons and complaint within 120 days of the filing of the Complaint, (see D.E. 187 at 13 n.10; D.E. 201), all claims against Defendants the Borough of Paramus and the Paramus Police Department are dismissed; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

Jose L. Linares, U.S.D.J.